# THE SUPREME COURT

#### OF

## THE STATE OF MISSOURI,

### OCTOBER TERM, 1866, AT ST. LOUIS.

[CONTINUED FROM VOL. XXXVIII.]

———————•◦●◦•———————

CHAS. C. WHITTELSEY, Plaintiff in Error, *v.* NANCY HUGHES *et als.*, Defendants in Error.

*Trust—Power—Mortgage.*—H. and wife, to secure a debt due T., executed a deed of trust to S. & W. and the survivor of them—*habendum* to the said S. & W. and the survivor of them, and the heirs and *assigns* of the survivor—in trust, on default of payment, that the said S. & W. or the survivor of them, or the executors, administrators or *assigns* of such survivor, or the sheriff of the county, might sell the property to pay the debt. S. died; W., the survivor, conveyed the property with the power to C., who made the sale under the deed of trust. *Held,* that the surviving trustee (W.) could not substitute another to the powers conferred upon him by the deed of trust; that being a mere instrument to execute the purpose of the grantor, he could not delegate his power to another without express authority conferred by the deed itself; and that the assignee by deed of the survivor was not an *assign* who could execute the power; and that the grantee of the survivor was not one of the *assigns* described in the deed.

### *Error to St. Louis Land Court.*

This was an action of ejectment against the widow and heirs of James M. Hughes to recover possession of land.

2—VOL. XXXIX.

Nancy Hughes, the widow of J. M. Hughes, answered, admitting that she was in possession, and claiming the right to retain the same by virtue of her quarantine as widow: and set up as a special defence, that J. M. Hughes made a deed of trust dated September 2, 1856, conveying the property to George B. Sanderson and H. W. Williams, to secure to A. Turnbull a note of ten thousand dollars at five years ; that J. M. Hughes died in February, 1861, before the maturity of said note; that by the terms of the deed the property was to be sold upon giving thirty days' notice by advertisement in some newspaper published in St. Louis ; alleging that no legal sale had been made as required by the terms of the deed of trust; that no sale was made by the trustees named in the deed ; that no advertisement was published in any newspaper printed in St. Louis; that George B. Sanderson died in May, 1861 ; that H. W. Williams made a pretended conveyance of his trust in February, 1861, to plaintiff; that plaintiff caused a notice of sale to be published in the " St. Louis County Record and Legal Advertiser," to take place on the twenty-ninth of January, 1862, and on that day plaintiff sold said property and bid it in, he being vendor and purchaser; that said " Record and Advertiser " was not a newspaper within the terms of said deed of trust; that after the sale he made a deed to A. Paul, under an agreement that said Paul should re-convey to him; that Paul made a deed to plaintiff, and that said sale was void and fraudulent, no money being paid by Paul—alleging that the deed of Williams to plaintiff, of plaintiff to Paul, and of Paul to plaintiff, were all void, and praying that the conveyances be set aside, and that the property be fairly sold, or be made subject to the first deed of trust, and that the estate of her husband be allowed the equity of redemption to which it was entitled by the terms of said deed of trust.

Calvin F. Burnes and Kate his wife, Thomas Marshall and Sallie his wife—the said Sallie and Kate being heirs of J. M. Hughes—by their amended answer denied their possession of the premises, and set up that Nancy Hughes was lawfully

in possession by virtue of her quarantine as widow of J. M. Hughes and then set up the same defence as the widow, and prayed that the conveyances be set aside, the property fairly sold, and that the estate of J. M. Hughes be allowed the equity of redemption, &c.

The answers were agreed to be taken as if traversed.

At the trial the plaintiff read in evidence a deed of trust, dated September 2, 1856, made by James M. Hughes and Nancy his wife to G. B. Sanderson and H. W. Williams as trustees of Dr. A. Turnbull, by which deed J. M. Hughes and wife did grant, bargain and sell the premises sued for to said trustees—*habendum* to said trustees and the survivor of them, and to the heirs, executors, administrators and *assigns* of said survivor, in trust, &c., that said trustees or the survivor of them, or the executors, administrators or *assigns* of said survivor, or the sheriff, &c., might proceed to sell, &c., to pay the debt.

It was admitted that G. B. Sanderson, one of the trustees, died on June 1, 1861; that J. M. Hughes died February 7, 1861. The other facts are stated in the opinion.

*Whittelsey*, for plaintiff in error.

The court below decided this case upon the theory, that the trustee in a deed of trust taking the legal title with a power of sale in himself and his assigns, could not convey the property at law except by a sale conforming to the terms of the power; and that an assignee could not execute the power, nor could any execute the power but the person named in the deed.

This theory has been overruled by this court, McKnight v. Wimer et al., 38 Mo. 132, and is in conflict with the well settled rules of law.

I. By the terms of the deed of trust by Hughes and wife, the estate was conveyed in fee to Sanderson and Williams and the survivor of them, and the heirs and assigns of the survivor, and the power was also by express terms of the deed conferred upon the heirs and assigns of the survivor;

consequently, Williams as survivor could convey the estate and transfer the power.

In Titby v. Wolstenholme, 7 Beav. 425, it was held that the devisee of a surviving trustee, under a will devising an estate to trustees and the survivor and the heirs and assigns of a survivor, could execute the trust—2d Am. L. Reg. (N. S.) 707, 724; 4 Crui. Dig. 226; How v. Whitworth, 1 Vent. 338.

II. The conveyance of the legal estate carries with it the legal consequences—the legal title, the right to sue in eject-ment.

4 Kent C. 310; L. 61, Ad. Eject. (Ed. 1854) 43, n. 1; Gale v. Mensing, 20 Mo. 461; Slevin v. Brown, 32 Mo. 176; Walcop v. McKinney, 10 Mo. 229—as to ejectment by mort-gagee. Clark v. Magwire, 16 Mo. 302; Miles v. Davis, 19 Mo. 408; Gibbons v. Gentry, 20 Mo. 468; Richardson v. Means, 22 Mo. 495; Thompson v. Lyon, 33 Mo. 219; Ad. Eject. 44, n. 1.

The trustee taking a legal estate, his conveyance passes an absolute title at law—Taylor v. King, 6 Munf. 358; Jackson v. Walsh, 14 Johns. 407; Jackson v. Van Dolfsen, 5 Johns. 32; Watkins v. Holman, 16 Pet. 25, 58, and cases cited in opinion; 11 Am. L. Reg. (2 N. S.) 724.

III. The answers of Nancy Hughes, tenant in possession, and of Burnes and wife, and Marshall and wife, confess and set out the plaintiff's legal title, but show no equity to pre-vent his recovery.

(a) Nancy Hughes joined in the deed with her husband and was only doweress, and could not therefore defend an ejectment at law; she had no estate in the land until dower assigned.

(b) Admitting for the sake of argument that Whittelsey purchased at his own sale as trustee for himself (which was not true, as appears by the deeds showing that he holds for the cestui qui trust, Turnbull), still the sale was good, and the title passed at law; and the defendants, even if repre-senting Hughes, do not make their proper case for relief.

Their only equity would be by making proper parties, to redeem the land by paying the debt.

That the sale was not void at law, see cases above cited—Jackson v. Walsh, 14 Johns. 407 ; Jackson v. Dolfsen, 5 Johns. 43 ; Gale v. Mensing, 20 Mo. 461.

(c) Mrs. Hughes does not ask to redeem, but that the land be re-sold. The only remedy of those claiming under a mortgagor is to redeem; they cannot have a re-sale—Goldsmith v. Osborne, 1 Ed. Ch. 562.

(d) There are not proper parties before the court, if the answers of the defendants who did answer prayed to redeem. The administrators of Hughes, the grantor in the deed of trust, are not parties to the suit, and they are the proper parties to redeem, and they should have joined with the widow and heirs in a bill for redemption.

(e) Whittelsey, the plaintiff, did not purchase for himself; he purchased for his cestui qui trust, Turnbull, as appears by the evidence of the actioneer, and the terms of the deed from Paul to plaintiff, which set out the terms under which he took the title to the property. Paul was merely made a conduit to convey the property, as plaintiff could not convey to himself—Jackson v. Walsh, 14 Johns. 407.

IV. Supposing that the equity of redemption did not pass in equity by the sale, what are the rights of the parties ?

Whittelsey, as trustee of Turnbull, is entitled to the possession, and to take the rents and profits—4 Kent, 164 ; 4 Hilmort, ch. 8, § 32, p. 111 ; 2 id. ch. 31, p. 60 ; Walcop v. McKinney, 10 Mo. 229 ; Meyer v. Campbell, 12 Mo. 603.

*C. F. Burnes,* for defendants in error.

I. The conveyance from Williams to plaintiff did not vest in plaintiff such title as authorized him to execute the trust by a sale of the property as trustee, without the consent of Hughes or his legal representatives—Jeremy's Eq. Jur. 142; Hill. on Trustees, 3d Div. ; 24 Miss. 689.

II. Plaintiff, assuming to act as trustee for the sale of the property, could not at his own sale become purchaser on

his own account, or (3 Paige, 179) as agent of another, or through the agency of another—9 Dana, 190 ; 24 Ills. 387 ; Robbins v. Butler, 12 Mo. 109 ; Smith v. Williams, 29 Mo. 195 ; Jamieson v. Glascock, 9 Vt. 164.

III. Plaintiff having no right to purchase the property from himself, could not do so by the intervention of Paul, and thus vest title in himself through Paul—De Caters v. Le Roy Dechaumont, 3 Paige, 179.

IV. Defendant Nancy Hughes was entitled to remain in possession of the mansion house of her deceased husband, no dower having been assigned to her—1 R. C. 1855, p. 672, § 21.

FAGG, Judge, delivered the opinion of the court.

A brief statement of the facts will develop the point which is regarded as the most material one presented by the record. The other points will not be considered, as this will be sufficient upon which to rest the decision of the case.

This was an action of ejectment, commenced in the St. Louis Land Court, against the widow and heirs at law of James M. Hughes, deceased. The following state of facts shows the ground upon which the plaintiff's right of recovery is based.

On the 2d day of September, 1856, James M. Hughes and wife conveyed to George B. Sanderson and Henry W. Williams certain real estate in the city of St. Louis in trust to secure the payment of a note of that date for $10,000, due and payable five years thereafter ; and also ten interest notes, each for the sum of $500, payable semi-annually from said date. James M. Hughes died in the month of February, 1861, and Sanderson, one of the trustees, in the month of May thereafter. On the 25th day of November following, Williams, the surviving trustee, executed a deed to the plaintiff Whittelsey, reciting the death of his co-trustee, and also the fact that he intended " to leave St. Louis to be absent some time," and that he did thereby bargain, sell, convey and quit-claim unto said Whittelsey the premises in said

deed described and to his heirs; " to have and to hold to the same uses and trusts prescribed and created by the deed aforesaid, so that he the said Whittelsey may and shall act as trustee in my place, and execute the power conferred upon me." In pursuance of the last mentioned deed, the property was advertised for sale by Whittelsey in the " St. Louis County Legal Record and Advertiser," and sold at public auction in the city of St. Louis on the 29th day of January next following. The testimony of the auctioneer shows that " at this sale Whittelsey was the last bidder, not buying for himself, but for parties in Europe; and, therefore, in my book I left the name of the purchaser blank. I do not recollect of any other bidder. I do not know that Mr. Paul was there," &c. Two days afterward, Whittelsey as trustee executed a deed to Adolph Paul, reciting the previous conveyances, the advertisement and sale, and also that said Paul was the highest and best bidder for $6,500, and conveying this property to him absolutely in fee. On the same day and for the same consideration Paul reconveyed the property to Whittelsey.

The said Paul was introduced as a witness on the part of the defendants, and testified as follows: " I was not at the sale, and I did not bid for or buy the land in question. Mr. Whittelsey requested me to execute a deed to him for the land he conveyed to me, and I did it to accommodate him. This request was about the time, or perhaps a day or two before, the deeds were signed. He made this deed to me and I made this other deed to him, and we acknowledged them before Mr. Tillson. No money passed between us; it was done for his convenience."

Passing by the questions raised as to the regularity of the sale, the right of the defendants to redeem the property, as well as the right of the trustee to purchase at the sale, we come directly to consider the power of the trustee Williams to substitute another to the powers conferred upon him by the conveyance from Hughes and wife. In the case of McKnight v. Wimer, 38 Mo. 132, deeds of trust as used in this

State, with the character of the estate acquired by the trustee, as well as the powers and authority conferred upon him, were carefully considered and the authorities all examined and cited. A reference is made to that case for the reasons there given, and which will apply with equal force to the one at bar. The object of such a deed is very apparent. The property conveyed is to be considered as a security for the debt. A power is conferred upon the trustee, upon the happening of the contingency named, to sell the property; and, to effectuate the object in view, he is clothed with the legal estate in the premises for the purpose of passing it to the purchaser. The substantial part of the deed is the equitable interest in the property which is acquired by the cestui qui trust, whilst the trustee is the mere instrument selected by the grantor to make the sale and transfer. Being, therefore, a mere instrument to execute the purpose of the grantor, he cannot delegate his power to another without express authority conferred by the deed itself. It is said that "trusts being in their nature matters of confidence reposed in the trustee, who is invested with the legal title and control of the trust property, must be executed by the person or persons to whom they are confided; consequently, the duties of the office of trustee cannot be delegated by him to another unless the instrument creating the trust clearly confers such power upon him"— Tiff. & Bull, 356, and Hill on Trustees, 248.

It is insisted by the plaintiff in error that Williams could legally convey the estate and transfer the power which had been conferred upon him by the deed of trust. The *habendum* was "to said trustees and the survivor of them, and to the heirs, executors, administrators and *assigns* of said survivor, in trust," &c. Much stress is laid upon the word *assigns*, and the case of Titby v. Wolstenholme, 7 Beav. 425, is cited as authority to show that a devise made by the surviving trustee of a trust estate was valid, no express power of appointing new trustees being given by the will. From this decision the argument is made in this case that the power to convey by deed, and to make an appointment of a new

trustee, must necessarily follow.   Let us see the reasoning in the case referred to.   The Master of the Rolls said, " we have in this will expressions which clearly show that the testator intended the trusts to be performed by the "assigns" of the surviving trustee; and in construing the will, we must, if practicable, ascribe a rational and legal effect to every word which it contains.   *We cannot consistently with the rules of this court consider the word "assigns" as meaning the person who may be made such by the spontaneous act of the surviving trustee, to take effect during his life;* but there seems nothing to prevent our considering it as meaning the person who may be made such by devise and bequest; and if we do not consider the word "assigns" as meaning such persons, it would in this will have no meaning or effect whatever."   It is clear that the construction given by the court in that case was because it was absolutely necessary to give any effect or meaning to the will whatever.   The doctrine is most clearly enunciated, as it is everywhere else, that the trustee could not while living, without an express authority for that purpose, delegate his power to another; and it is difficult to see how it can be relied upon as an authority to support the deed of Williams to the plaintiff.   The case was tried by the court sitting as a jury, and verdict and judgment rendered for the defendants; whereupon the plaintiff brings it here by writ of error.

No error being found in the record, the judgment of the Land Court will be affirmed.   The other judges concur.