M. J. HUBBLE, Appellant, *v.* JAMES VAUGHAN *et al.*, Respondents.

1. *Equity — Statutory Powers.* — Where an equitable defense to an action amounted to nothing more than the showing of an incomplete or imperfect execution of a statutory power, there was no ground for the interference of a court of equity.

2. *Mortgages — Outstanding Title — Forfeiture.* — A mortgagee of land, who was in possession after the condition of the mortgage was broken, could defend successfully against the mortgagor, or any person claiming under him, so long as the debt remained unsatisfied; and a purchaser of the land, under a judgment against the mortgagor, after the execution of the mortgage, would acquire nothing more than the equity of redemption.

3. *Fraud — Evidence.* — In the investigation of questions of fraud, all inquiries relating to the existence of the debt secured by a mortgage, the relations of the parties, and the circumstances connected directly with the execution of the instrument itself, are proper.

### *Appeal from Greene Circuit Court.*

Plaintiff claimed the property in controversy by virtue of two judgments rendered in his behalf, against John McHenry, in 1855. These judgments, as appeared in evidence, were satisfied by a sale of the property on execution. Plaintiff became the purchaser, and received a deed from the sheriff of Greene county, dated in 1864, conveying to him McHenry's interest in the premises.

Defendant claimed under a mortgage of the same property, given by McHenry to John Bailey, in 1854, to secure certain notes, which the latter paid, and took possession of the mortgaged property soon after the execution of the mortgage. From that time he remained in possession till 1863, when the property was sold under an execution against Bailey, and defendant purchased it, but received no deed from the sheriff.

Most of the facts necessary to a clear understanding of the case are set forth in the opinion of the court.

*Sherwood & Lindenbower*, and *Ewing & Holliday*, for appellants.

I. The motion of the plaintiff to strike out part of defendant Vaughan's answer should have prevailed. The part sought to be stricken out set up the defective or incomplete or imperfect execution of a statutory power as an equitable defense. (Moreau v. Detchemendy, 18 Mo. 522; Moreau v. Branham, 27 Mo. 351; Haley v. Bagley, 37 Mo. 363; Hiney v. Thomas *et al.*, 36 Mo. 377; Webb v. Cochran, 4 Sandf. 653.)

II. To defeat a plaintiff's recovery in ejectment by showing an outstanding title in a third person, such outstanding title must be a present subsisting and operative title, and such an one as the owner could recover on were he asserting it in an action against the defendant. (McDonald v. Schneider, 27 Mo. 410.)

*Phelps & Baker*, for respondents.

I. Plaintiff in ejectment can only recover upon the strength of his own title.

II. Title of mortgage after forfeiture is such an outstanding title as will prevent a recovery in ejectment. (Meyer v. Campbell, 12 Mo. 603.) A mortgagee may maintain an action of ejectment against the mortgagor and those claiming under him. (Sutton v. Mason, 38 Mo. 120; McCormack v. Fitzsimmons *et al.*, 39 Mo. 24; Walcoss v. McKinney's heirs, 10 Mo. 229; 1 Hill on Mortg. p. 134, §§ 15, 16, 17, 18; p. 140, § 12; p. 149, note; p. 229, §§ 26, 27.)

FAGG, Judge, delivered the opinion of the court.

This was an ordinary action of ejectment to recover the possession of parts of two lots situate in the city of Springfield. The cause seems to have been tried upon the separate answer of Vaughan—one of the defendants disclaiming any interest in the property, and the other not appearing.

In addition to the general issue, the answer contains a lengthy, detailed statement of facts, which it is claimed constituted an equitable defense to the action. This statement proceeds to show the defendant Vaughan's possession of the premises by virtue of a sale and conveyance made by the sheriff of Greene county under an execution levied upon the premises in question as the property of one Joshua M. Bailey. It is further alleged that in the month of October, 1854, one John McHenry, being the owner of the said property, executed a deed of mortgage of the same to Bailey, for the purpose of securing him against any liability as his surety upon a note to one J. I. Campbell for the sum of $2,250. After the note became due, it was paid off by Bailey.

This mortgage was duly recorded; and a short time after the payment of the note the possession of the premises was delivered to Bailey, who continued to hold the same down to the time when the defendant Vaughan became the purchaser thereof, except during the periods when the same was held by the military authorities. It is also alleged that a suit was instituted by Bailey to foreclose his mortgage, upon which there was a judgment, and the property sold in the month of March, 1856, he being the purchaser thereof for the sum of $495, but that no deed had been executed to him by the sheriff of said county. The remainder of the note paid by Bailey was alleged to be still due and unpaid. There are some other matters stated, not material in the consideration of the case, and therefore not necessary to be referred to. The answer of the defendant then concludes with the following prayer: "that judgment be rendered in his favor, and that by a decree of this court the plaintiff be forever barred and precluded from setting up a title to said lots against this defendant and those claiming under him."

The plaintiff made an unsuccessful effort to have all of the answer of defendant stricken out, except so much as contained a plea of the general issue, together with the admission that the lots in question had formerly belonged to McHenry.

The action of the Circuit Court, in this particular, presents the first point for our consideration.

It is insisted on the part of the appellant that error was committed, in the fact that the equitable defense amounted to nothing more than the showing of an incomplete or imperfect execution of a statutory power. If that be true, then certainly it should not have been treated as a defense. The statute having furnished a proper remedy in cases of that sort, there would be no ground for the interference of a court of equity.

But we do not understand that to be the true interpretation of the answer. The prayer does not insist upon an absolute decree of the title in the defendant, and a divesting of all the right, title, and interest which may have been vested in McHenry or those claiming the equity of redemption under him. All that portion of the answer which alleges a foreclosure and sale of the mortgaged premises may be excluded from consideration, as indeed it seems to have been at the trial, and still the facts stated were not inconsistent with the prayer of the defendant or with the general issue first pleaded. We cannot perceive any violation of the rules of pleading that would authorize us to treat the action of the Circuit Court as erroneous. We can see no good reason for the statement of facts contained in this second defense. It might have been treated as mere surplusage; for all that was material in it, for the purposes of this action, could have been given in evidence under the general issue.

The plaintiff's title was simply the deed of the sheriff of Greene county, executed to him in the year 1864. The levy and sale were made under two executions issued from the office of the clerk of the Circuit Court of that county, against John McHenry, upon judgments rendered in the year 1855. The only interest which McHenry himself could have claimed as against Bailey, the mortgagee, was the equity of redemption. The legal estate had passed by the mortgage. The mortgagee, however, had acquired some-

10—VOL. XLII.

thing more than the naked legal title. He was in possession of the property after the condition of the mortgage was broken, and therefore in a situation to defend successfully against the mortgagor, or any person claiming under him, so long as the debt remained unsatisfied. This plaintiff acquired nothing more by his purchase than the equity of redemption. He could assert no greater interest in the property so long as the mortgage debt remained unsatisfied. It was, then, an outstanding title against McHenry, or any party claiming under him, subsequent to the execution of the mortgage. The defendant Vaughan's possession was acquired in 1863, by virtue of a sale made by the sheriff of that county under an exection levied upon the lots in question as the property of Joshua M. Bailey. As to whether this possession was rightful, or whether Bailey's interest was the proper subject of a levy and sale, or not, can cut no figure in this case. The mortgage deed, with the debt secured by it, unsatisfied, constitutes a good bar to plaintiff's action. This view of the case proceeds upon the theory that there was no fraud in the execution and acceptance of the mortgage by McHenry and Bailey. The good faith of the transaction was attacked by the plaintiff, and we proceed now to examine the errors complained of in reference to this branch of the case. The cause was tried by a jury; and the facts, so far as they relate to the execution of the mortgage and the existence of the debt, are embraced in a small compass.

In the investigation of questions of fraud, much latitude must be allowed. It is difficult to lay down any rule so specific in its terms as to make it applicable to all cases that may arise. All of the inquiries relating to the existence of the debt secured by the mortgage, the relations of the parties, and the circumstances connected directly with the execution of the instrument itself, were proper, and the plaintiff seems to have had the full benefit of all the testimony given upon those points.

So much as related to the purchase and sale of the negro woman was entirely disconnected with this transaction, and could throw no light upon it whatever. The court committed no error in excluding it.

That Bailey actually paid the debt due by McHenry to Camp-

bell, and that nearly the whole of it, with interest down to the time of the trial, still continued in existence, appears to be uncontradicted by the evidence. Without examining in detail the instructions given and refused by the Circuit Court, it is enough to say that they presented fairly and with sufficient clearness the points upon which the jury was required to pass. The verdict acquitted the parties to the mortgage of any fraud in that transaction, and we find nothing in the facts proved to authorize this court in disturbing it.

The judgment of the Circuit Court was affirmed upon an appeal to the District Court. The cause is now brought here by appeal from that court, and for the reasons above stated its judgment will be affirmed. The other judges concur.