Johnson et al. v. Houston et al.

H. P. JOHNSON *et al.*, Defendants in Error, *v.* SAMUEL HOUSTON *et al.*, Plaintiffs in Error.

1. *Deed of trust — Title passes to mortgagee after condition broken.* — In a mortgage, or a deed of trust in the nature of a mortgage, the legal title, after condition broken, passes to the mortgagee or trustee. And the addition of a power to sell without judicial proceedings to foreclose can not avoid the legal effect of the grant. The trustee, after dishonor of the trust notes, could enter, and, without sale or foreclosure, could maintain his possession for the use of the beneficiary not only against all outsiders, but against the maker of the deed himself, until the payment of the trust note.

2. *Ejectment — Mortgage and deed of trust — Conveyance of land after condition broken by beneficiary, effect of.* — A married woman having purchased certain land, gave her notes for the purchase money, secured by deed of trust executed by herself jointly with her husband. The note being unpaid at maturity, the beneficiary, instead of the trustee in the deed, entered the premises, and, without sale under the trust deed, conveyed away the estate.

In ejectment by the maker of the deed of trust against the grantee of the beneficiary, *held*, that a stranger could not set up against the maker a title in another that arose from the deed of trust; but that defendant was not a stranger, for the conveyance to him, although it did not pass the legal title, operated as an assignment of the equity of the beneficiary. The grantee succeeded to all the rights of the grantor, and, being in possession, could defend successfully against the action until plaintiff paid the note. And *held*, further, that the claim of plaintiff would not be aided in law or equity by the fact that she was a married woman, and that the notes were executed by her as such.

*Error to First District Court.*

*F. P. Wright*, for plaintiffs in error.

I. Plaintiffs could only recover on their legal title, and they had none when they instituted their suit, nor have they any now. (Hill v. Draper, 10 Barb. 454; Gurno v. Janis' Adm'r, 6 Mo. 330.)

II. An outstanding title in a mortgagee is a good defense to an action of ejectment, and the same rule applies as to deeds of trust. (Meyers v. Campbell *et al.*, 12 Mo. 603; Norcum v. D'Oench *et al.*, 17 Mo. 98; 2 Greenl. Ev., § 304; Welch v. McKay, 10 Mo. 229; Sutton v. March, 38 Mo. 120; 9 Cow.

86; Adams' Eject. 32; Covert v. Irvin, 3 Serg. & R. 283.) The trustee held the legal title for the use of the *cestui trust*. A payment to him would be good, and upon full payment he is bound, under the statute, to enter satisfaction on the record. He had control of the remedies. He could have brought ejectment if any one had been in possession, and applied the rents and profits in payment. (Thomas v. Wright, 9 Serg. & R. 90.) Finding the premises vacant, he had the right, as he did, to take possession and place Houston under him. Of course, he must account for the rents and profits, and apply the same toward extinguishing the debt, and, being legally in possession, neither he nor his tenant Houston can be dispossessed by ejectment. (Phyfe v. Riley, 15 Wend. 248.)

III. The defendant, George M. Pemberton, if he had not a legal, he at least had an equitable right to the possession until the rents and profits paid the debt. The defense of an equitable mortgage can be made to an ejectment suit under our statute. The court, in Chase v. Peck, 21 N. Y. 581, say that since the blending of legal and equitable remedies, the defendant can defeat the *cestui* on equitable principles; and our court has also decided that an equitable defense can be made. (Hayden v. Stewart, 27 Mo. 286; Thurman v. Andrew, 30 Barb. 621.)

IV. Pemberton's title was a present, subsisting, and operative active title, such as he could have recovered upon had he resorted to an action. (23 Ill. 72; 4 Gilm. 159; 18 Ala. 475; Chase v. Peck, *supra*.)

*Hicks & Phillips*, for defendants in error.

I. In the action of ejectment the right of possession must be determined according to the *status* of the case at the time of the institution of the suit, saving to the defendant the privilege of showing title acquired since that time. (22 Cal. 573.) (*a*) And if the plaintiff shows a better right to the possession than the defendant, at the time of the entry of the defendant, the defendants will not be permitted to overcome the presumption of title in plaintiff by showing title in a stranger. (Carleton v.

Townsend, 28 Cal. 219.) (*b*) At the time of the institution of the suit at bar, the plaintiff held a legal title in fee to the lands in controversy from Pemberton, and showed a prior possession thereof. The defendant Houston, after the date and putting to record of plaintiff's deed, and after plaintiff's said possession, received a deed in fee from said Pemberton, and entered upon the premises under and by virtue of the deed from Pemberton, and was, therefore, an intruder and trespasser upon the rights of plaintiff; and, as such, he was estopped from setting up an outstanding title in the trustee or any other stranger. (4 Cal. 279; 3 Wend. 149-54; 10 Johns. 223; 10 Iowa, 51; 4 Dana, Ky., 455, 464; 7 Cow. 636.) (*c*) The defendant Houston having entered under deed from the same vendor under whom plaintiffs claim, is likewise estopped from setting up any title adverse to that of the common grantor. (7 Cal. 416; 39 Mo. 433; 33 Mo. 249; 24 Mo. 545.) (*d*) Pemberton is admitted as a co-defendant on the distinct ground that Houston holds under him, and of course could interpose no defense that his grantee (Houston) could not make. And not having entered and taken possession under the deed of trust, neither of them can invoke it as outstanding title. The legal title to the premises was vested in the mortgagee, *pro forma*, after forfeiture, for the sole purpose of securing his debt; and he can not part with or assign the estate without likewise parting with the debt. (Walcot *et al.* v. McKinney's Heirs, 10 Mo. 230, 231.)

II. Should the court, notwithstanding, hold that it was competent for defendant below to set up an outstanding title, we submit that the deed as to Mrs. Johnson could not be foreclosed as a mortgage, because the notes which are its consideration are void.

BLISS, Judge, delivered the opinion of the court.

In 1860 defendant Pemberton conveyed to plaintiff, Harriet P. Johnson, a tract of land in Pettis county for $440, for which she gave her notes, and, to secure them, executed with her husband a deed of trust upon the same land, and forthwith entered upon it and made improvements. In 1861 the husband entered

the army, and Mrs. Johnson some time afterward left the premises. The notes not being paid, defendant Pemberton executed a deed purporting to convey the premises to defendant Houston, who went into possession, and this suit was brought against him for possession. After its commencement, Houston conveys back to Pemberton, who comes into court, and, at his own motion, is made a defendant. Upon the trial the court ruled substantially that defendants were entitled to the possession by virtue of the deed of trust, and judgment was rendered against the plaintiffs. The District Court reversed this judgment, and defendants bring up the case.

The plaintiffs have no equity, but rely solely upon the legal title of Mrs. Johnson. That she once held the title is clear. But in a mortgage, or a deed of trust in the nature of a mortgage, the legal title, after condition broken, passes to the mortgagee or trustee. Such is the general law, though modified in New York by the statute forbidding ejectment by the mortgagee, and such is the law of Missouri. (Walcott v. McKinney, 10 Mo. 229 ; Meyer v. Campbell, 12 Mo. 603 ; Sutton v. Mason, 38 Mo. 120 ; Hubbell v. Vaughan, 42 Mo. 138.) These cases arose under common mortgages, but a deed of trust is also an absolute conveyance upon its face, with the same condition of avoidance if the debt is paid ; and the addition of a power to sell without judicial proceedings to foreclose certainly can not avoid the legal effect of the grant. The plaintiffs abandoned possession, and the trustee, after the notes fell due, had the right to enter, and, without a sale or foreclosure, he could maintain his possession for the use of the beneficiary, not only against all outsiders, but against the plaintiffs themselves until they had fulfilled the conditions of their trust deed. But, instead of entering himself, the beneficiary entered, and put defendant Houston in possession. His deed to Houston, though it could not pass the legal title, operated as an assignment of his equity, which was reassigned to him by Houston's subsequent deed. We find, then, at the commencement of the suit, the assignee of the beneficiary in possession of the land, and that the legal title had passed out of the plaintiff to the trustee, who held for the use of the bene-

ficiary. Plaintiff insists that no defense can be made that was not available for Houston at the commencement of the suit, and that Houston could not set up the outstanding title because he had no interest in it.    But we find Houston then in possession, and not as a trespasser, but as assignee of Pemberton's equity.    He denied the plaintiff's right of possession, and could show facts that would disprove that right.

The rule is universal that the right of possession must appear in the plaintiff, and hence when he relies upon his title an outstanding title may be shown to defeat him.    We have seen that the legal title passed out of the present plaintiffs by their default, and only the equity of redemption is left.    We have before held that a stranger can not set up against the mortgagor a title in another that arises from the mortgage (Woods v. Hilderbrand, 46 Mo. 284), but Houston is not a stranger, for he succeeded to all the rights of the beneficiary in the trust deed, and being in possession he certainly has a right to say that the plaintiffs shall not have possession until they fulfill the conditions of their deed.

But plaintiffs also insist that the deed of trust is worthless for the reason that it was given to secure promissory notes executed by a married woman, and that Mrs. Johnson now holds a title to the premises clear of all encumbrances.    The equity of this claim is not very apparent, nor do I think the law compels us to sustain it.    The reply represents Mrs. Johnson as having a separate estate in the property, though the deed to her hardly sustains the claim.    If the conveyance were to her separate use, she would purchase for herself alone, and her notes would be good as against the property.    If she only hold the ordinary title, the trust deed is separately executed and given as security for the purchase money, which is all it is necessary to say in the present case. The New York Court of Appeals, in Chase v. Peck, 31 N. Y. 581, treats a mere equitable mortgage, when there is no conveyance in fact, as a good defense to the present action for possession, although it would not have been available in the old action of ejectment, because nothing but legal principles could have been considered.    " But since the blending of legal and equitable remedies, a different rule must be applied.    The defendant can

defeat an action upon equitable principles, and if, upon the application of those principles, the plaintiff ought not to be put into possession of the premises, he can not recover in the action" (p. 586). Much more, then, where there has been an actual conveyance, and there is an actual lien for the purchase money, will such conveyance and lien stop an equitable claim like the present, whether Mrs. Johnson's notes as such are good or not. If she and her husband want the land let them pay for it.

The judgment of the Circuit Court was correct, and that of the District Court will be reversed. The other judges concur.