JOHN M. PICKETT, Appellant, *vs.* CHAS. E. JONES, Respondent.

1. *Mortgage—Transfer of without that of the debt—Effect of right of possession.*—While most of the courts hold generally that the transfer of a mortgage without that of the debt secured by it is a nullity, the rule should be subject to this qualification, that where the mortgagee has possession by virtue of his mortgage, or where the mortgagee is not in possession, but the condition has been broken, a conveyance or assignment of the mortgaged premises would be valid to transfer his right of possession. But where a notice of sale under the mortgage by the transferee thereof, recited a transfer also of the notes secured by it, and the notes were endorsed in blank, and no objection or question was made on that point, the transfer of the notes was held as sufficiently established.

2. *Mortgage—Power of sale under—Transfer of—Effect of such transfer in deed of trust.*—A power of sale on default, given to a mortgagee, may be effectually assigned to another person by a conveyance of all the interest of the donee of the power, for such interest includes both the debt and the estate; and is appendant or annexed to the estate conveyed; it is coupled with an interest and is irrevocable. But such power of sale cannot be so transferred by the trustee in a deed of trust.

3. *Contract to convey land on full payment of purchase money—Grant of such contract—Ejectment—Mortgage—Equitable relief, etc.*—The grant of a contract to convey title on payment of a residue of purchase money therefor, confers only an equity, and not such a title as to support an action of ejectment, except in the cases especially provided by statute. But there are cases where he may obtain relief even against the holder of the legal title. Thus where the owner of such equitable right mortgages all his interest in the land, a purchaser thereof at mortgage sale would be entitled to relief in equity against one who obtains a conveyance from the mortgagor of his interest, subject to the incumbrance, although the grantee of the mortgagor pays the residue of the original purchase money and obtains a full title to the property, for he takes with notice of the mortgage and of the rights of the purchaser under it. He holds his title in trust for such purchaser, and may be compelled to convey to him, on being reimbursed the amount of the original purchase money paid out by himself.

### Appeal from Jasper Circuit Court.

*Walser & Cunningham*, for Appellant.

The mortgage deed of H. James to Sparlin Day and Stuart, conveyed to them an estate as mortgagees, coupled with a power. And the effect of their deed to Dustin was to convey the estate and also the power to him, subject only to the right of redemption; and under that power Dustin had the legal right to con-

vey the property itself without reference to the power, (as such power was coupled with an interest) to plaintiff. (Pease vs. Pilot Knob Iron Co., 49 Mo. 127.)

Powers given to a mortgagee to sell on default fall under the powers appendant or annexed to the estate ; they are powers coupled with an interest, and are irrevocable and are deemed part of the mortgage security, and vest in any person who, by assignment or otherwise, becomes entitled to the money secured to be paid ; and such power of sale may be assigned to another person by a conveyance of all the interest of the donee of the power, and may be exercised by such assignee. (4 Kent, 147 ; 2 Washb. Real Prop., 324.)

The transfer of the notes secured by the mortgage carries with them the security as an incident. (Thayer vs. Campbell, 9 Mo. 280 ; Keys vs. Woods, 21 Vt., 331 ; Chappell vs. Allen, 38 Mo. 213 ; Croft vs. Bunster, 9 Wis. 503 ; Fisher vs. Otis, 3 Chandler, 83.)

Plaintiff as assignee of the mortgagee could maintain ejectment after condition broken. (Reddick vs. Gressman, 49 Mo. 389 ; 4 Kent, 147 ; 2 Washb. 324.)

*Lay & Belch, with Thomas*, for Respondent.

I. It has been held in this State that a trustee cannot transfer or delegate his authority to another. (Whittlesey vs. Hughes, 39 Mo. 13.) The mortgagee, it is true, takes the legal title coupled with an interest, but he is at the same time a trustee, as to the surplus above what is required to pay his debt, and as such occupies a position of confidence and trust, and to substitute another in his stead is to defeat the object and intent of the mortgagor. It may be conceded that there are authorities to the effect that in certain cases of powers coupled with an interest, an assignment passes the powers so as to enable the assignee to execute it. But in this case the deed expressly limits the execution of the power to the mortgagees, their executors and administrators.

II. And the statute limits the power of sale to the mortgagee and his personal representatives. (2 Wagn. Stat. p. 956, § 13 ;

Broom's Leg. Max. s. p. 516 ; Dwar. on Con. of Statutes, t. p. 605.)

III. It is insisted here for the first time, that although the pretended sale by the assignee Dustin was void, yet the plaintiff as assignee of the notes and mortgage after condition broken, is entitled to recover in ejectment.

The sale of Dustin was made as assignee under a pretended power, and, being void, passed no title and did not operate as an assignment of the notes or mortgage.

But even if the pretended sale be construed as an assignment of Dustin's interest, it passed no legal estate in the property. (Potter vs. McDowell, 43 Mo. 93.)

Both parties claim under the Joplin Mining and Smelting Co., and it is admitted by the pleadings that the defendant holds a deed from said Co., and has the legal title.

HOUGH, Judge, delivered the opinion of the court.

This was a suit in ejectment to recover the possession of a lot in the city of Joplin, in Jasper county.

It appears from the record that on the 23d day of January, 1872, the Joplin Mining and Smelting Company sold to one Sparlin the lot in controversy, and having received a part only of the purchase money, executed to him an obligation in writing for a conveyance upon payment of the remainder.

Sparlin made improvements upon the lot, and upon the 26th day of August, 1872, sold the premises to H. James for the sum of $600, and duly assigned to him the contract for title. On the same day James executed and delivered to Sparlin, Day and Smart a mortgage of the same premises, with power of sale, to secure the payment of three notes amounting in the aggregate to $700, and due respectively in three, six and nine months from said 26th day of August, which mortgage was duly recorded on the succeeding day.

On the 30th day of September, 1872, Sparlin, Day and Smart formally assigned this mortgage to H. Dustin. Nothing was said in the assignment about the transfer of the notes which the mort-

gage was intended to secure, and indeed it nowhere appears in the record that they were transferred to Dustin, except by way of recital in a notice of sale under the mortgage, which was read in evidence.

On the 17th day of October, 1872, James assigned to the defendant (Jones) the contract for title from the Joplin Mining and Smelting Company, and delivered to him possession of the lot. It may be well to remark in this connection, that in addition to the count in ejectment, the petition in this case also contained a count in equity, from which it appears that on or about the 20th day of November, 1872, the defendant paid to the Joplin Mining and Smelting Company the balance of the purchase money due on said lot under the contract of sale to Sparlin, and received from said company, as assignee of said contract, a deed for the premises.

Default having been made in the payment of the notes, on the 3d day of January, 1873, after the requisite notice, Dustin, as assignee of the power of sale contained in the mortgage, sold said lot to the plaintiff, and executed and delivered to him a deed therefor. Plaintiff thereupon instituted the present suit.

At the trial the court excluded the deed from Dustin to the plaintiff, on the ground that Dustin had no authority, by virtue of the assignment of the mortgage and the notes, to execute the power of sale, and thereupon gave judgment for the defendant. This action of the court has been assigned for error.

It is laid down in general terms by the Supreme Court of the United States in the case of Carpenter vs. Longan, (16 Wall., 271) in Thayer vs. Campbell, (9 Mo., 277), and by the courts of most of the States, that the transfer of a mortgage without the debt secured by it, is a nullity. We think, however, that where the mortgagee has possession by virtue of his mortgage, or where the mortgagee is not in possession but the condition has been broken, a conveyance or assignment of the mortgaged premises would be valid to transfer the mortgagee's right of possession. In the present case the mortgage was assigned before condition broken, so that Dustin acquired no interest in the lot by the trans-

fer of the mortgage unless we receive the recital in the notice of sale as evidence of the transfer of the notes. As the notice of sale was received in evidence generally and without objection, and the notes themselves bear a blank indorsement by Sparlin, Day and Smart, and as the defendant offered no testimony whatever, and in his objection to the admission of the deed from Dustin to the plaintiff raised no question as to the transfer of the notes, we think it may fairly be conceded that the notes secured by the mortgage were transferred to the plaintiff.

A power of sale given to a mortgagee on default is appendant or annexed to the estate conveyed; it is coupled with an interest and is irrevocable. Such a power of sale may be assigned to another person by a conveyance of all the interest of the donee of the power and may be exercised by him. (Washb. on Real Prop., [3d Ed.,] vol. 2, 324; Pease vs. Pilot Knob Iron Co., 49 Mo., 124.) That is to say, the debt secured by the estate conveyed, as well as the estate itself, must be transferred, for it takes both of them to constitute all the interest of the donee of the power. The case of Whittelsey vs. Hughes (39 Mo., 13), is cited by defendant's counsel as being opposed to this view; but the power of sale attempted to be transferred in that case was contained, not in a mortgage, but in a deed of trust—an instrument in which another person than the beneficiary or owner of the debt is named as the donee of the power. In such case it may, with some propriety, be held that the trustee cannot delegate his duties to another, unless the instrument creating the trust clearly confers such power upon him. No estate is conferred upon him because he is a creditor and entitled to security, but special trust and confidence is reposed in him solely as trustee, and no other relation exists between him and the trustor, than one of a fiduciary character. The rights and relations of the parties to trust deeds and mortgages, are in some important particulars materially different.

To hold that the trustee in a trust deed securing the payment of money could transfer his power of sale, would be equivalent to holding that the mortgagee could transfer his power of sale without transferring the debt, which we have seen is denied. Nor

does our ruling conflict with another class of cases in which it has been held by this court that a trustee cannot delegate his authority; we refer to those cases in which the trustee did not attempt to divest himself of his power, but employed another person to exercise it.

We think, therefore, that the power of sale was rightfully exercised by Dustin, and his deed to the plaintiff should have been admitted. But the admission of this deed would not have helped the plaintiff's case. The interest acquired by the plaintiff, through this deed, was a mere equity; it was the right of the mortgagor (James) to acquire the legal title upon paying to the Joplin Mining and Smelting Company the balance of the purchase money. Such an estate in land, except in the cases specially provided by statute, will not support ejectment; the legal estate was outstanding against him.

The plaintiff, however, has a right to relief in equity. James mortgaged his entire interest in the land. The defendant acquired James' interest, subject to the mortgage. The plaintiff as purchaser at the sale under the mortgage, acquired James' interest in the lot, which interest included the right to a deed from the Joplin Mining and Smelting Company upon paying the balance of the purchase money. But the defendant, as assignee of James, acquired that title with notice of the plaintiff's rights. He therefore holds the title in trust for the plaintiff, and may be compelled to convey, upon being reimbursed the purchase money paid by him to the Joplin Mining and Smelting Company, with interest. (Lewis vs. Chapman, 59 Mo., 371.)

The judgment on the count in ejectment will be affirmed. Though the count in equity has not been relied on in this court, the proceedings upon it have been brought before us by the present appeal, and to prevent injustice we will reverse the judgment on that count and remand the cause, so that the plaintiff may pursue his remedy in equity.

Judgment will be entered accordingly; the other judges concur.