IN RE M. MAYFIELD; J. T. DONOVAN ET AL., Appellants.

### May 19, 1885.

1. MORTGAGES AND DEEDS OF TRUST—REMOVAL OF TRUSTEE.—A trustee appointed by the court on the *ex parte* application of the beneficiary in a deed of trust, may be removed, during the term, on the application of any one interested in the subject matter of the trust.

2. —— It is a good cause for the removal of such a trustee that he is the confidential clerk of the person on whose application he was appointed.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Affirmed.*

DRYDEN & DRYDEN with J. T. DONOVAN, for the appellants. A trustee, though subject to removal for cause, is so subject only by bill in equity. Perry on Trusts, sects. 281–2; *Bowditch* v. *Banuelos*, 1 Gray (Mass.) 228.

H. D. LAUGHLIN, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This is an appeal from an order removing a trustee. The respondent has filed no brief, but the case is not for this reason to be decided in favor of the appellants, unless, in view of the arguments submitted by them, and the facts disclosed by the record, the circuit court is put in the wrong.

It appears that, in 1876, Mayfield and wife made a certain deed of trust of land to Foley, trustee, to secure a a certain indebtedness of Mayfield, evidenced by certain negotiable promissory notes; that Foley subsequently died and the indebtedness maturing, the holder of the notes, Joseph T. Donovan, applied to the circuit court, under the statute, for the appointment of a trustee to execute the trust, and that Charles E. Giraldin was thereupon appointed. This was in 1879. Giraldin

proceeded to advertise and sell the land under the terms of the deed of trust, and Donovan became the purchaser at the sale. Subsequently Donovan was advised that the sale was inoperative and void, and passed no title to him because of the fact that, before the appointment of Giraldin as trustee, the sheriff of the county of St. Louis had not been requested to execute the trust as provided in the deed of trust. Being therefore of opinion that it would be necessary to proceed *de novo* to have the trust executed, on the 13th of February, 1884, he presented a verified petition to the circuit court of the city of St. Louis, reciting the creation of the trust, the beneficial interest of the petitioner therein, the death of Foley the trustee, that an application had been made to the sheriff of the county of St. Louis to execute the trust and that he had declined to act, praying for the appointment of a suitable person as trustee, and suggesting the name of Charles E. Giraldin as such person. On the same day the court, upon consideration of this petition, appointed Mr. Giraldin as such trustee. Thereafter, at the same term of court, Henry D. Laughlin moved the court to vacate the order appointing Mr. Giraldin as trustee, alleging that Mr. Giraldin was the confidential clerk of Mr. Donovan, was financially irresponsible, was prejudiced, and was an unsuitable person to execute the trust. Notice of this motion was duly served on Mr. Donovan and Mr. Giraldin, and they appeared in court by their counsel on a day appointed to resist the same. The court announced that it would not hear oral testimony in court, but would decide the controversy upon affidavits. No exception was taken to this mode of procedure, nor is its propriety questioned.

Mr. Laughlin submitted his own affidavit, showing, among other things, that he had acquired an interest in the property from one Flint, to whom Mayfield had conveyed his interest in 1878 ; that Giraldin was proceeding to advertise the property for sale ; that Giraldin was, and had been for some years, a book-keeper and clerk for Donovan ; that, in a suit pending in another room of

the circuit court, wherein affiant was plaintiff and Donovan and Giraldin were defendants, affiant had recently taken the deposition of Giraldin, which deposition affiant submitted to the court's inspection, for the purpose of showing that Giraldin was not responsible financially. This deposition is not embodied in the bill of exceptions, and, of course, we know nothing of its contents. But we apprehend that the court could not have acted, in removing Giraldin, upon the mere ground that he was not responsible financially, because Mr. Donovan in his counter affidavit stated that Giraldin would give a good bond, as required by the statute, if the court should so direct; and as other affidavits indicated that he was a man of integrity and good business habits, it is to be inferred that he would have given such a bond. The affidavit of Mr. Laughlin further proceeded to state that he, Laughlin, disputed the claim of Donovan that the whole of the debt secured by the deed of trust is unpaid; that a controversy will doubtless arise between him and Donovan, touching the amount of Donovan's claim; that on or about the 1st of March, 1884, after Giraldin had advertised the property for sale, affiant, intending to pay the balance due, called on Giraldin at the office of Donovan, and requested him to inform affiant touching the debt for which he was proceeding to sell the property, and the amount of it which remained unpaid; that Giraldin began to consult some book, as if to obtain the information; that, whilst he was so engaged, Donovan asked and was told the object of affiant's visit, whereupon he refused all information upon the subject, saying to Giraldin: "Charley, you need not mind that," and that Giraldin gave him no information upon the point desired.

Donovan, in his counter affidavit, exhibited the notes secured by the deed of trust with the name of the maker erased, and with the following endorsement on their face: "Sold under deed of trust June 23, 1879. C. E. Giraldin, Tr." He claims that the notes remain due according to their tenor, principal and interest, the

credit endorsed on the same being inoperative for the reasons already stated. He further stated that Mr. Laughlin had never offered to pay the amount of the debt secured by the deed of trust. Mr. Giraldin filed an affidavit explaining that when Mr. Laughlin called upon him on the occasion stated in the latter's deposition, although Mr. Laughlin asked him to be informed as to the amount of the debt, yet he gave him no reason why he desired the information, or why he had any right to the same, and expressed no purpose of paying the debt, nor did he allude to the subject of its payment. The affidavits of Mr. Donovan and of Mr. Giraldin were to the effect that the latter possessed sufficient means above his liabilities to secure the faithful performance of this trust, and there was no affidavit tending to controvert the affidavits already spoken of, of his integrity and good business habits.

The court having read and considered these affidavits, declined to hear argument on the question, but this declination need not be considered, because it could not be made the subject of exception. The court thereupon made an order sustaining the motion of Mr. Laughlin, and dismissing Mr. Giraldin from his trusteeship. To this order Giraldin and Donovan excepted, and from it they have prosecuted this appeal. The ground of objection urged to this order is that the court had no power or jurisdiction by motion to remove Giraldin from the trusteeship. This argument proceeds upon the view that the legal effect of the order appointing Giraldin trustee was to vest in him the legal title to the property, and that this title could not be divested out of him in a summary proceeding by motion, or in any other proceeding than a suit in equity. In support of this proposition we are cited to the case of *Bowditch* v. *Banuelos*, 1 Gray 228. We do not understand that such is the effect of our law in the sense here contended for. Under our law, the legal title to mortgaged land remains in the mortgageor until after condition broken. *Woods* v. *Hilderband*, 46 Mo. 284; *Masterson* v. *West End,*

&c., *R. R. Co.*, 72 Mo. 342, 347. But after condition
broken, the legal title passes to the mortgagee. *Walcop*
v. *McKinney*, 10 Mo. 229; *Meyer* v. *Campbell*, 12 Mo.
603; *Sutton* v. *Mason*, 38 Mo. 120; *Hubble* v. *Vaughan*,
42 Mo. 138. And this doctrine, it has been held, ex-
tends to a trustee in a deed of trust, so that the legal
title after condition broken passes to him, carrying with
it the right to enter without a sale or foreclosure, for the
use of the beneficiary in the trust. *Johnson* v. *Houston*,
47 Mo. 227, 230. But he takes nothing by the deed in
his own right. He can not enter in his own
right. He has no estate which passes to his heirs,
or which he can convey to another by deed. He is
called a naked trustee, and the power conferred upon
him by the deed is said to be a naked power. A mort-
gagee with a power of sale may transfer to another his
entire estate in the land, including the power to sell.
*Pickett* v. *Jones*, 63 Mo. 199. But the trustee in a deed
of trust cannot convey, or in any manner delegate
to another the power of sale which he possesses.
*Whittelsey* v. *Hughes*, 39 Mo. 13; *Graham* v. *King*, 50
Mo. 22; *Howard* v. *Thornton*, 50 Mo. 291; *Bales* v.
*Perry*, 51 Mo. 449; *Harper* v. *Mansfield*, 58 Mo. 17. It
is therefore clear that Giraldin acquired by his appoint-
ment as trustee no vested right to act as such. Although
the condition in the deed of trust was broken, yet the
right of entry or of sale which existed in Donovan, the
beneficiary, was not the right to have this particular per-
son enter or make the sale, but the right to have some
suitable person enter for him and make the sale. It is
not denied that where the parties have selected their
own trustee, the beneficiary in the trust has the right to
have the trust executed by the person so selected. But
where the trustee selected by the parties dies, removes
from the state, or refuses to act, then, unless the deed
nominates some other person to act, the beneficiary has
no other right than to have the trust executed by a
competent and impartial person, selected for that purpose
under the statute. Under the statute (Rev. Stat. sects.
3929, 3930), the court had power, the original trustee

named in the deed being dead, and the official named in the deed as his successor refusing to act, to appoint a suitable person to execute the trust upon the petition of the *cestui que trust.* Upon a petition, verified by affidavit, the court appointed Mr. Giraldin. Then, before the close of the term at which this appointment was made, upon the motion and affidavit of Mr. Laughlin, the court saw fit to vacate this appointment. This was done, it is true, after the trustee thus appointed had entered upon the execution of the trust, but before he had completed it. Now, we are at a loss to know upon what principle the court lost jurisdiction to undo its act at the same term, in case it should be of opinion that it had been improvidently done. It is a general principle which has come down to us from the practice of the English courts of law, and which may, therefore, be regarded as a rule of the common law, that, during the entire term of the court, the records and proceedings of the court are in the breast of the judge, for the purpose of making amendments, of vacating improvident orders, and for the more general purpose of establishing justice between the parties before it. And it has been expressly decided that orders of appointment fall within this general rule. *Underwood* v. *Sledge*, 27 Ark. 295. This rule has been restrained in some cases by statute, as, for instance, by our statute (Rev. Stat. sect. 3707) prescribing the time within which a motion for a new trial must be made. But where it is not so restrained, this rule is undoubtedly operative as a rule of the common law. It will not, we apprehend, be contended that the order of the court, made upon the *ex parte* application of Donovan, appointing Giraldin as trustee, was a judgment rendered upon a "trial," or that the motion of Laughlin to vacate this order was a motion for a "new trial," within the meaning of the statute just cited. As no other restraining statute is known to exist, it is therefore clear that the court had power or jurisdiction to vacate its order appointing Giraldin, at any time during the term, for good cause shown or appearing. *Nelson* v. *Ghiselin,*

17 Mo. App. 663. This being so, we are unable to see what ground is left for this appeal to rest upon. Manifestly the application of Donovan for the appointment of a trustee was addressed to the sound discretion of the court. There was obvious propriety, after the appointment had been made upon an *ex parte* petition, in re-opening the matter at the same term for the purpose of hearing the objections of the party interested adversely to Donovan in the subject matter of the trust. Then, having heard both parties the court has certainly made no ruling which can be assigned as error, unless, in removing Giraldin, it committed a manifest abuse of discretion. We can discover in the facts of the case no such abuse. On the contrary, when the disclosure was made to the court that a controversy existed between Donovan and Laughlin, Laughlin being the successor in title of the grantor in the deed of trust, and Donovan being the holder of the notes secured thereby, as to the amount of indebtedness for which the property might be sold under the deed of trust, and that Giraldin, the person whom the court had appointed as trustee was the confidential clerk of Donovan, under his pay and control, it appears that the court, in removing him, acted with entire propriety; and this was so, we think, notwithstanding the fact that his financial responsibility, his competency and his integrity were clearly shown. It has been often said by the Supreme Court and by this court—too often to need repeating—that the trustee in a deed of trust of this nature is not the agent of one of the parties merely, but that he is the trustee for all the parties, and that it is his duty in the execution of the trust, to act impartially as between any adversary parties interested therein. *Chelsey* v. *Chelsey*, 49 Mo. 540; *Graham* v. *King*, 50 Mo. 22; *Tatum* v. *Holliday*, 59 Mo, 422; *Stoffel* v. *Schroeder*, 62 Mo. 147; *Sherwood* v. *Saxton*, 63 Mo. 78; *Long* v. *Long*, 79 Mo. 644, 656. This being so, it is manifestly improper that he should be the paid servant of one of the parties, especially where it appears that there is a controversy between this and

another party respecting the execution of the trust. Such a person is not a "suitable person" to execute such a trust, within the meaning of the statute, and it cannot be assigned for error that the court, upon these facts appearing, refused to regard him as such. Neither Donovan nor Giraldin has any vested right in having this trust executed by Giraldin, or by any particular person. The rights of Donovan will be satisfied if it shall be executed by any "suitable person" such as is contemplated by the statute, and until the court refuses to appoint such a suitable person, there is nothing of which he can justly complain. The order appealed from is accordingly affirmed. All the judges concur.