PRIEST, *Appellant*, v. THE CITY OF ST. LOUIS.

DIVISION TWO.

1.  The Case of *The City of St. Louis v. Priest, ante*, p. 652, followed and affirmed.

2.  Ejectment: OUTSTANDING TITLE : DEED OF TRUST. The beneficiary in a deed of trust, in possession of the trust premises as purchaser at the void trustee's sale, may protect such possession against the grantor in the trust deed by virtue of his outstanding title under the deed of trust, which remains in force.

*Appeal from St. Louis City Circuit Court.* — HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*W. H. Clopton* and *Chester H. Krum* for appellant.

( 1 ) The court erred in excluding evidence as to the declarations of the city comptroller when he ordered the lots inclosed. *Wilson v. Albert*, 89 Mo. 545. ( 2 ) The possession of Priest and Anderson was not interrupted by the void sale under the deed of trust. When premises are wholly vacant the adverse possession follows the true title. *Turner v. Baker*, 64 Mo. 218; *Clark v. Ins. Co.*, 52 Mo. 272. ( 3 ) The listing of the property to the city of St. Louis is no evidence of adverse possession. *Douthett v. Stinson*, 63 Mo. 268; *Norfleet v. Hutchins*, 68 Mo. 597; *Bradstreet v. Kinsella*, 76 Mo. 63. The statute did not commence to run against the plaintiff until 1880 when the city took possession by causing the lots to be fenced.

*Leverett Bell* for respondent.

The judgment was for the right party, and should be affirmed. No instructions were asked or given. The court did not err in excluding the declarations of the city comptroller. He had no authority to bind the city. The city has been in possession of the premises from 1865, when it placed its deeds to the property on record, to the present time. The Priest ejectment was begun in 1886, twenty-one years after the city received and recorded its deeds to the property. This was, to use the language of this court, an ·open and notorious act by which the city asserted an exclusive ownership of the land from that date. It was not a mere declaration among neighbors that might or might not come to the knowledge of Priest and Anderson. It was a declaration of record that the land thereafter was entirely the property of the city of St. Louis by virtue of said deeds. It was a claim of exclusive ownership, and this claim purported to originate in a divestiture of the title of Priest and Anderson. They had knowledge of the fact

so asserted by the city. They received the considera-
tion, the canceled notes, and must be held to know how
and under what circumstances said consideration came
to them. *Campbell v. Gas Co.*, 84 Mo. 375. Any writ-
ing which purports to convey the title to land by appro-
priate words of transfer, and which describes the land,
is color of title, though the writing is invalid, actually
void, and conveys no title. *Hickman v. Link*, 97 Mo.
482. But aside from the question of title by possession,
it is clear that, under the facts in evidence, Priest can-
not recover the property unless he first discharges the
unpaid purchase money and interest. *Valle v. Flem-
ing*, 29 Mo. 152. Both grounds are good, and the
establishment of either one or the other leads to an
affirmance of the judgment.

MACFARLANE, J.—Ejectment to recover possession
of certain lots in the city of St. Louis. Answer, a gen-
eral denial. The city of St. Louis was the common
source of title. Plaintiff introduced in evidence a deed
from the city to himself, and one John J. Anderson
dated the fourth day of October, 1859. Defendant then
introduced a deed from Priest and Anderson conveying
the lots to Stephen Hoyt, comptroller of the city of St.
Louis, in trust to secure to the city the payment of cer-
tain notes therein described, with power in the trustee
to sell the lots in default of payment of the notes. The
evidence shows that a sale was made under the power
contained in the deed of trust on the fifteenth day of
December, 1864. This sale was void on account of non-
compliance with the terms of the power. After this sup-
posed sale had been made the city delivered to plaintiff
and Anderson their notes and deed of trust. The notes
when returned were canceled by the following indorse-
ment: "Canceled by sale December 15, 1864. Geo. K.
Budd, Comptroller."

The evidence shows that the lots were vacant and
unimproved at and from the sale in 1859, until about

January, 1880, when defendant fenced them in, and has continued in the actual possession ever since. The trustee's sale was declared void by this court in April, 1886. This suit was commenced in May, 1886. From 1865, the property was listed by the assessor as being the property of the defendant, the city of St. Louis. It does not appear from the abstracts of record that any instructions were either given or refused; in fact the abstract fails to show in whose favor the judgment was rendered, or that any motion for a new trial was ever filed, or that any exceptions were saved to any rulings of the court. We will infer from the fact that plaintiff is marked as appellant, that the judgment of the trial court was for defendant. We will also assume that the court rendered judgment upon the facts hereinbefore stated; that a motion for a new trial was filed and overruled, and bill of exceptions was duly filed making a record of the action of the court in overruling the motion.

The case of *The City of St. Louis v. Priest, ante,* p. 652, was submitted with this upon the same evidence. In that case it was held that the foreclosure of the deed of trust from Priest and Anderson was not barred by the statutes of limitations; that Priest and Anderson had never held the possession of the lots adversely to the city, and that the cancellation of the notes by the city did not release the mortgage or prevent a foreclosure.

The only question for determination in this case, which was not passed on in the other, is, whether defendant's possession under the void trustee's sale, the deed of trust being still in force, is a defense to this action. To this question an affirmative answer must be given, under the following authorities: *Jackson v. McGruder,* 51 Mo. 59; *McCormick v. Fitzmorris,* 39 Mo. 34; *Johnson v. Houston,* 47 Mo. 227; *Howard v. Thornton,* 50 Mo. 291.

Judgment affirmed. All the judges of this division concur.