THE KANSAS CITY INVESTMENT COMPANY, Plaintiff in Error, v. WILLIAM J. FULTON, Defendant in Error.

Kansas City Court of Appeals, December 3, 1900.

Covenants for Title: MORTGAGE: TRANSFER OF NOTE. The transfer of a note secured by a mortgage on real estate will not operate as a transfer of a covenant for title contained in the deed conveying the land to the mortgagor.

Error to the Platte Circuit Court.—*Hon. William S. Herndon*, Judge.

AFFIRMED.

*Cook & Gossett* for plaintiff in error.

Where a covenant of seizin is made and no title passes and no seizin is delivered the covenant is at once broken, and if the covenantee makes a subsequent deed it operates as an assignment of the chose in action unless a contrary intent is clearly expressed and the second grantee acquires title to this chose in action and can maintain suit thereon.    Allen v. Kennedy, 91 Mo. 324, loc. cit. 329; Kimball v. Bryant, 25 Minn. 496; Scofield v. Homestead Co., 32 Ia. 318; Hendrix v. Dickson, 69 Mo. App. 197.

*J. W. Coburn* for defendant in error.

The notes to Chestnut and Darnall made by Mrs. Milotte, the grantee of Fulton, were assigned by Chestnut and Darnall to Mrs. Clara P. Buckner; by her they were assigned to A. C. Buckner, and by A. C. Buckner to plaintiff in error. There was no assignment of the mortgage by Chestnut and Darnall, and their assignee had nothing to assign and assigned nothing except the notes.    Lanier v. McIntosh, 117 Mo. 516; Pickett v. Jones, 63 Mo. 199; 1 Jones on Mortg., sec. 786; 15 Am. and Eng. Ency. of Law, sec. 842.

ELLISON, J.—The present action is based on a covenant of title which was made in a general warranty deed for lands in the state of Kansas.    The trial court sustained a demurrer to the petition and plaintiff sued out a writ of error.

It appears from the allegations of the petition that in 1886, William J. Fulton and wife executed a warranty deed to Caroline Milotte for certain real estate in Kansas.    Afterwards, said Milotte executed two notes, one to Garrard Chestnut and the other to R. T. Darnall, and to secure each note executed a mortgage on the land conveyed to her by Fulton.

These notes were afterwards, by successive indorsements through several parties, transferred finally to this plaintiff. The mortgage itself was not transferred other than from the effect of transferring the notes. Fulton had no title to the land and in consequence the mortgage, given by his grantee to secure the notes, was of no avail. A point decisive of the case is whether the mortgage transferred successfully down the line of indorsements of the notes, the covenants contained in Fulton's warranty deed to Mrs. Milotte. In other words, since Mrs. Milotte as grantee in Fulton's deed was the covenantee therein: did she transfer her right to sue on the covenant to the mortgagees by merely executing the mortgage to them; and did these mortgagees and their succeeding indorsees transfer the right to sue on the covenant to this plaintiff? It will not be necessary to a decision of this case to answer the first clause of the question.

It is held in Allen v. Kennedy, 91 Mo. 324, that a covenant of seizin would be transferred by a warranty deed executed by the grantee to whom it was made. But we have no such case before us. Here, the only claim plaintiff can have to sue on the covenant made by Fulton to Mrs. Milotte is by reason of the mere assignment of a note secured by a mortgage given by her. The mortgage itself has not been assigned and therefore the entire interest of the mortgagee has not been transferred. Lanier v. McIntosh, 117 Mo. 508, 516; 1 Jones on Mortgages, secs. 786, 787; Pickett v. Jones, 63 Mo. 199. So if it should be conceded that Mrs. Milotte transferred to Chestnut and Darnall, her mortgagees, the covenant for title contained in her deed from Fulton, yet since they have never transferred the mortgage to subsequent transferees no transfer has been made to plaintiff.

We, therefore, hold that the transfer of a note secured by

mortgage will not operate as a transfer of the covenant for title contained in the deed conveying the land to the mortgagor.

It results from the foregoing that the judgment of the circuit court should be affirmed. All concur.