GALE, Appellant, *vs.* MENSING. Respondent.

1. A conveyance by a trustee passes the *legal title*, although he may be guilty of a breach of trust.
2. The effect of the satisfaction of a mortgage is to extinguish the incumbrance upon the title, for the benefit of whoever is the owner of it at the time.
3. A conveyance to trustees, for the benefit of creditors who should sign it, is not, as a matter of law, void, because of the omission of the creditors to sign it.

*Appeal from Franklin Circuit Court.*

Action for the possession of six lots in the town of Washington, claimed by the plaintiff under a sheriff's deed upon an execution sale, under a judgment against B. & A. King. Matthew Caldwell, the landlord of the defendant, also claimed title under the Kings.

The Circuit Court, trying the cause without a jury, found substantially the following facts:

On the 4th of June, 1838, the Kings mortgaged the lots in controversy to Matthew Caldwell to secure an indebtedness of $300. On the 6th of June, 1838, they conveyed to C. S. Jeffries and W. V. N. Bay, trustees for the benefit of creditors, all their estate, real and personal, in law or equity, directing the mode and manner of sale and the proceedings of the trustees in the execution of the trust. The trustees were authorized to sell at public or private sale. By the terms of

this deed, it was necessary that the creditors should sign it, in order to receive any benefits under it. (This deed was not set out in the finding, nor were its provisions, further than above stated, nor did it appear in the record.) On the 3d of March, 1841, Bay and Jeffries conveyed the lots to Matthew Caldwell in consideration of an acknowledgment by him of satisfaction of the mortgage, which was entered upon the record on the same day. This deed recited that the lots were not worth more than the amount for which they were mortgaged to Caldwell, and therefore the trustees made the conveyance to avoid the expense of a foreclosure.

On the 20th of March, 1843, an alias execution issued upon a judgment recovered against the Kings, October 31st, 1838, under which these lots were levied upon and sold to the plaintiff on the 5th of April following.

Upon these facts, the Circuit Court gave judgment for the defendant, and the plaintiff appealed to this court.

*J. W. Noell*, for appellant. 1. After the execution of the mortgage to Caldwell, and the deed of trust to Jeffries and Bay, the Kings still owned the equity of redemption, which Jeffries and Bay had no power to convey. 2. The sale by Jeffries and Bay to Caldwell was void. They had no power to give him the land in payment of his debt. All they could do was, to sell the land subject to Caldwell's mortgage, for the benefit of the creditors secured by the deed of trust. The execution of powers of sale by trustees must be in strict conformity to the terms of the trust. 3. The deed of trust to Bay and Jeffries, at the time of their conveyance to Caldwell, had, by its own terms, become a nullity. It was to operate in favor of those creditors only who should sign it, and no creditor has ever done this. (1 Hilliard on Mortgages, p. 245, §7, p. 438, §36. *Crow & Tevis v. Ruby*, 5 Mo. Rep. 484. *Swearingen v. Slicer*, 5 Mo. Rep. 241. *Gray & Howard v. Shaw*, 14 Mo. Rep. 341, and authorities there cited. 3 Wharton, 347.) 4. Caldwell's mortgage being satisfied, and the deed of trust to Jeffries and Bay being null and

void by its own provisions and conditions, the full legal title was left in the two Kings, and it was purchased by plaintiff at sheriff's sale.

*J. D. Stevenson,* for respondent.

LEONARD, Judge, delivered the opinion of the court.

This petition was to recover the possession of land upon the legal title, and not for any equitable relief. The deed from the Kings to Jeffries and Bay was not a mortgage, but a conveyance of the whole title, subject only to Caldwell's mortgage, and it vested the legal ownership in the trustees against all persons except Caldwell and his assignees. So far as the record shows, this conveyance was not, as the appellant seems to suppose, a second mortgage, nor a mere naked authority to sell for the benefit of creditors ; but, as we have already remarked, a transfer of the legal ownership, upon the trusts declared in it, subject to Caldwell's mortgage.

It is not void as a mere matter of law, on account of the omission of the creditors to sign it, as they were required to do, in order to entitle them to any benefit under it, and there is no question saved in the record as to its invalidity on the score of fraud in fact. The consequence is, that their conveyance to Caldwell, in satisfaction of his mortgage debt, vested the entire legal ownership in him, and the subsequent satisfaction of the mortgage extinguished that incumbrance upon the title for the benefit of whoever was the owner of it, instead of returning that title to the Kings, who had previously parted with all their interest in the land by their deed to Jeffries and Bay.

There is no question here as to the mere legal propriety of the conduct of the trustees in conveying to Caldwell. Whether that act was a breach of duty for which they are liable to whoever were the beneficiaries of the property at that time, cannot be discussed in this record. It is sufficient here that the legal ownership was in them, and that they made the transfer to Caldwell, which we must presume was proper, and not a

breach of trust, until it is so shown in a proper proceeding instituted against them for that purpose. The judgment is affirmed.