THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY v̄. GREEN,
*Appellant.*

| 68 | 169 |
| 117 | 30 |
| 68 | 169 |
| 159 | 328 |

1. **Trustee**: ESTOPPEL. One who claims under a deed which was executed by a trustee, and which, by reference, recognizes a plat executed by a predecessor in the same trust, cannot deny that the latter had authority to act as trustee.

2. **Trustee's Deed**: CONDITIONS TO EXERCISE OF POWER OF SALE. A conveyance by the trustee of a land company, who, by the terms of his trust, is required, before selling, to give a bond for the faithful performance of his duties, and to sell according to rules to be prescribed by the company, carries the title to a stranger, although no bond has been given and no rules prescribed.

3. **Trustee's Deed**: WHEN IT CONVEYS THE TRUST ESTATE. Where a person, who was at the same time trustee of a land company with a power of sale, and also a member of the company, and as such beneficially interested in the land, executed a deed in which he described himself as trustee of the company, and the land as part of the town which his trust deed proposed should be laid off on the property of the company, and for a full description referred to a plat of the town then on file; *Held,* that this was sufficient to show that he was executing the deed as trustee, and was not merely conveying his beneficial interest.

4. **Repugnant Descriptions.** Where a deed contains two descriptions of the land conveyed, one general, the other particular, if there is any repugnance the latter will control.

5. **Trust Deed**: NOMINAL CONSIDERATION: RAILROAD. It is no objection to a deed executed by the trustee of a land company, conveying a strip of ground for depot purposes to a railroad company which is building its road through a town laid out on the property of the land company, that the conveyance is made for the consideration of one dollar.

6. **Principal and Agent**: RAILROAD. A railroad company is not responsible for the error in a town plat on which the location of its right of way is incorrectly represented, merely because the persons who prepared and filed it were its engineer and local agent. To make it responsible, there should be proof that these persons were in that respect authorized to act for the company.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

This was an action of ejectment for a parcel of land

described in the petition as follows: That part of the southwest quarter of section 13, township 57, range 28, situated and lying within the following boundaries in the town of Hamilton, as described on the plat of said town: beginning on the north line of the right of way of the Hannibal & St. Joseph Railroad where the same is intersected by Burrows street, thence north along said street fifty feet, thence westerly and parallel with said right of way 1,306 feet to the intersection of Frame street, thence south along said street fifty feet to the north line of said right of way of said railroad, thence easterly on the north line of said right of way 1,306 feet to the point of beginning.

In 1855 thirteen persons, among whom was one Albert G. Davis, purchased a tract of land in Caldwell county, embracing the southwest quarter of section 13, township 57, range 28, which was, at their instance, conveyed by Edward M. Samuel, the then owner, to the said Davis, as trustee. Both parties to this action claimed under this deed. The deed declared that it was the intention of the unincorporated company, composed of these thirteen persons, to lay out a town, or towns, on the tract, and that Davis was appointed trustee in order to avoid difficulty in making conveyances in case of death, removal, &c., of any of the parties interested. It invested him with full power and authority, after he should have signified his acceptance of the trust and given a bond in the sum of $10,000 for its faithful execution, to sell and convey all lots that might be laid off in a town, or towns, the conveyances to be in the name of the Prairie City Town Company, if the town should be laid off on section 15, township 57, (one of the tracts conveyed,) and in the name of the Hamilton Town Company, if the town should be laid off on the southwest quarter section 13, township 57, or on certain other lands described. The southeast quarter section 13, township 57, was not covered by the deed. Provision was made for the appointment of a successor in the trust. It was also provided that the trustee should be governed in the price of

lots, the terms of payment and the time of selling, by rules to be adopted by a majority of the company, which rules were to be signed by such majority and acknowledged and recorded in Caldwell county. The trustee was to be allowed his expenses and a commission of five per cent. on sales, the net proceeds to be divided among the members of the company.

Davis accepted the trust by an instrument in writing, and in the same, or the following year, laid out the town of Hamilton on the southwest quarter section 13, township 57, and made a plat of the town which was duly signed and acknowledged by him, and was recorded in the recorder's office of Caldwell county. Plaintiff's railroad had already been located at the time this was done. On the 14th day of October, 1859, Davis executed a deed to the plaintiff as follows : Know all men by these presents, that Albert G. Davis and Julia A. Davis, his wife, as trustee of the Hamilton Town Company, of the county of Caldwell, in the State of Missouri, in consideration of the sum of one dollar to them in hand paid by the Hannibal & St. Joseph Railroad Company, in the State aforesaid, have granted, bargained and sold, and do hereby grant, bargain and sell unto the said Hannibal & St. Joseph Railroad Company, their heirs and assigns forever, the following described real estate, to-wit: Two strips or pieces of ground, each fifty feet wide and 1,306 feet long, for depot purposes, extending over, upon and across a part of the tract of ground known as the town of Hamilton, being a part of the southeast quarter of section 13, in township 57, range 28, in Caldwell county, Missouri, beginning at the west side of Burrows street and running to the east side of Frame street, one of said strips being north of and adjoining the tract of ground now occupied by the Hannibal & St. Joseph Railroad Company, a more full description of which said depot grounds will appear by reference to the plat of said town of Hamilton now on file in the recorder's office of said county of Caldwell, to have and to hold the same, &c., &c. This deed

was immediately recorded. In April, 1860, the records of Caldwell county, including the town plat and the record of this deed, were destroyed by fire. In the same year Davis executed another plat and filed it in the recorder's office for record. In 1866, Thomas W. Higgins having succeeded Davis in his capacity of trustee, conveyed to Ward and Thornton a lot described as "lot one in block twelve in the town of Hamilton, Caldwell county." Ward and Thornton subsequently conveyed to defendant and one Foley.

At the trial, Albert G. Davis being called as a witness on the part of the plaintiff, testified that at the time of and before the execution and filing of the first plat, the plaintiff's railroad had been located 280 feet north of its present location; that said railroad was represented on said plat as being located 280 feet north of its present location, but that the location was afterwards, in the year 1859, changed to its present location, and that the plat which he executed in the year 1860 showed the actual location of the road as constructed; that the second plat was drawn by the engineer of plaintiff from a survey made by its said engineer, and was furnished witness to be executed and filed for record, and that witness, at the time of the execution and filing the second plat, was the railroad agent of plaintiff at Hamilton, and that he filed said plat in the recorder's office of the said county; that by the second plat the railroad was represented as occupying a strip of ground fifty feet wide on the north side of the center line of the railroad as now located, and that no part of lot one in block twelve was within fifty feet of the railroad; and that said lot was represented on the original plat as a full lot forty-four feet wide, and as being wholly outside the limits of the right of way of the railroad, but that he did not remember positively how it was represented on said second plat, although, to the best of his recollection, it was represented on the second plat as a full lot; that the second plat could not be found.

Joseph Willis testified that a part of the inclosure of lot one in block twelve came within 100 feet of the center line of the railroad. John Smith, a civil engineer, testified that he had made a survey of the premises in controversy, and that a strip of land 100 feet wide, and extending along and from the north side of the center line of the railroad would include a strip of land in block twelve, lot one, twenty-three feet four inches on the west end, and twenty-seven feet five inches on the east end, being on the south side of said lot.

Vincent Bowman testified on the part of the defendant that he had seen said second plat; that the right of way of the railroad where it passed along said lot was thereon designated as being fifty feet wide only, but that he did not remember how said lot was shown, never having examined with reference to it. There were numerous fractional lots along the line of the road as shown by said second plat. Thomas W. Higgins, a witness for defendant, testified that he sold the lot in question to said Thornton and Ward, relying on the statement in said second plat that the plaintiff's right of way only extended fifty feet north of the center line of the road-bed, and that he had so represented to said Thornton and Ward at the time of making said sale. That said second plat was the only guide he had to go by, as he had no knowledge of said deed from Davis to plaintiff, the record of the same having been destroyed in 1860, and not having been re-recorded until 1869. Other witnesses testified that Thornton and Ward and defendant had made lasting improvements on the land.

Defendant admitted that at the time of the commencement of the suit he was in possession of the undivided one-half of lot one, block twelve, and it was agreed that he was not in possession of, and that he had never set up any claim to any portion of the land described in the petition except said lot one. There was no evidence that before executing the deed to plaintiff, Davis ever gave bond as required by the trust deed, or that the majority of the

town company ever adopted or filed any rules regulating sales by the trustee.

For the plaintiff the court instructed the jury as follows: 1. If the jury believe from the evidence that on the 14th day of October, 1859, Albert G. Davis made to plaintiff a deed for the land described in plaintiff's petition, and that said Davis was, at the time of making said deed, in possession of the land described therein as trustee of the Hamilton Town Company, and further believe that the defendant, without permission from plaintiff, entered upon the land described in plaintiff's petition, or any part thereof, and was at the time of the institution of this suit, in possession of the same, they will find for the plaintiff. 2. If the jury find for the plaintiff they will describe in their verdict the land in possession of defendant to which they believe the plaintiff is entitled.

The court refused to give the following instructions offered by defendant: 1. The jury must find for the defendant. 2. If the jury find from the evidence that the plaintiff, about the year 1860, sent to its agent at Hamilton a plat of its depot grounds in said town of Hamilton, which showed that its right of way, south of said lot, only extended fifty feet north of the center line of its railroad track, and did not include any part of said lot, and that said company caused or permitted said plat to be filed by its said agent, and that Thornton and Ward afterwards purchased said lot and made lasting and valuable improvements thereon in good faith, supposing said right of way to extend only fifty feet north of said track, as specified in said plat, and that afterwards said Thornton and Ward conveyed said lot to Green, the defendant, and one E. M. Foley, who made lasting improvements thereon, and that during all such time up to the year 1869, plaintiff set up no claim to said lot, and through its agents saw said parties so improving and occupying said lot under a claim of ownership, without objection, then the jury ought to find for the defendant.

The jury returned a verdict in favor of the plaintiff for that portion of lot one described by the witness Smith, as included in the 100 foot strip, and there was a judgment accordingly, from which defendant appealed.

· *Shanklin, Low & McDougal* for appellant.

1. Plaintiff failed to show that Davis had given bond as required by the trust deed, before executing the deed of October 14th, 1859. 2. The company reserved the right to fix the price of lots and the terms of payment by rules to be adopted by the members, and to be recorded. The deed did not authorize the trustee to give away any part of the land for depot grounds. 3. The consideration named in the deed from Davis being nominal, there is no presumption that it was paid. Whether a nominal consideration has been paid or not, is immaterial to the validity of a conveyance; the law presumes that the conveyance was voluntary. This trust deed did not give Davis authority to make a voluntary conveyance of the property conveyed to him in trust for the town company. 4. The deed from Davis to the railroad company is not "in the name of the Hamilton Town Company." It is true that it is recited in the deed that the conveyance is make by Albert G. Davis and Julia A. Davis, his wife, as trustee of the Hamilton Town Company, but for all that, the instrument seems to be the personal act of Davis and wife. As one of the town company, Davis had an equitable interest which he could convey. The wife was not trustee. If Davis was acting as trustee, why was she joined with him in the conveyance? ·5. The deed purports to convey land in the southeast quarter of section 13, and not in the southwest quarter. The evidence does not show that a portion of the town, and that portion too, described in the Davis deed is not situate in the southeast quarter of the section. If there is a repugnancy between portions of the description of the premises intended to be conveyed, the burden of

proof is upon the plaintiff to show such repugnancy, and that one portion of the description or the other, and which, should be rejected as surplusage. There is no such proof in this record. If the repugnancy exists it is latent. 6. The second instruction asked by defendant should have been given. The second plat, filed as it was at the instance of the plaintiff, misled the trustee, Higgins, and the defendant, and the plaintiff should be bound by it.

*Geo. W. Easley* for respondent.

1. Both parties claiming under the Hamilton Town Company, and through the plat thereof, as made by Davis, the trustee, neither the title of the company, nor the qualification of Davis, as trustee, can be denied. The appellant cannot claim title through the town plat made by Davis, as trustee, and at the same time deny that Davis qualified as trustee. *Merchant's Bank v. Harrison*, 39 Mo. 433; *Chouquette v. Barada*, 33 Mo. 249; *Fugate v. Pierce*, 49 Mo. 441; *Hannibal v. Draper*, 36 Mo. 332. 2. The deed from Davis to respondent refers to and must be controlled by the location of the railroad, as shown by the plat in existence at the time of the execution of the deed. The grant in the deed, made in 1859, could not be floated or changed by the making of a new plat in 1860. 3. Defendant's second instruction was properly refused; there was no estoppel. Story on Agency, § 140; *Maple v. Kussart*, 53 Pa. St. 352; 2 Wash. Real Prop., (2 Ed.) 460; Hermann on Estoppel, §§ 427, 430, 435; *Fisher v. Mossman*, 11 Ohio St. 42; *Knouf v. Thompson*, 16 Pa. St. 357; *Hill v. Epley*, 31 Pa. St. 331; *Patterson v. Esterling*, 27 Ga. 206; *Tongue v. Nutwell*, 17 Md. 212; *Odlin v. Gove*, 41 N. H. 477; *Brinckerhoff v. Lansing*, 4 John. Ch. 70; *Bigelow v. Topliff*, 25 Vt. 287; *Carter v. Champion*, 8 Conn. 554.

Norton, J.—This is ejectment, and both parties look to the deed of E. M. Samuel as the common source of

**1. TRUSTEE: estoppel.** title. The Samuel deed was unquestionably sufficient to pass the title to Davis, who accepted the trust as the deed shows, and who entered upon his duties as trustee by making a plat of the town of Hamilton in 1855 or 1856, acknowledging and filing the same for record, as the evidence shows. As defendant claims under a deed subsequently executed by Higgins, the successor of Davis in the trust, in which the plat made by Davis was recognized, he does not stand in an attitude to dispute the authority of Davis to act as trustee. *Merchant's Bank v. Harrison*, 39 Mo. 433.

The objection made to the introduction of the deed from Davis to plaintiff on the grounds that there was no **2. TRUSTEE'S DEED: condition to exercise of power of sale.** evidence that he had executed a bond to the company nor any evidence that a "majority of the town company had ever adopted or filed rules regarding the price of lots, the terms of payment," &c., and that the deed does not show that it was made by Davis as trustee, was properly overruled. The deed of Davis, if made as trustee, was effectual to pass the title to the grantee, although he may have been guilty of a breach of trust. *Gale v. Mensing*, 20 Mo. 461.

The deed of Davis not only purports to be his act as trustee of the "town of Hamilton," but purports to con- **3. TRUSTEE'S DEED, when it conveys the trust estate.** vey a part of the tract of ground known as the town of Hamilton, and for a full description of the property conveyed refers to the plat of the town then on file in the recorder's office: This we think was a sufficient reference to the source of his power, and also to determine whether he was executing it in his own right or as trustee. *Hagel v. Hagan*, 47 Mo. 278.

We cannot perceive how the objection to the deed that the land was described in the southeast instead of the **4. REPUGNANT DESCRIPTIONS.** southwest quarter of the section, could have been raised on the introduction of the deed. It contained two descriptions, one being general by numbers, the other particular by reference to the plat of the

town, and if, on the trial, they were found to be repugnant, the latter would control. *Fenwick v. Gill*, 38 Mo. 525; *Evans v. Greene*, 21 Mo. 170.

The objection to the deed that the consideration was nominal, is answered by the case of *Gale v. Mensing, supra,* 5. TRUST DEED: and the case of *Draper v. Shoot*, 25 Mo. 197, in nominal consideration: railroad. which it is said that the failure to pay a nominal consideration cannot be shown to defeat a deed. The deed of Davis vested in plaintiff the title to the land which it described, and from October, 1859, when it was filed for record, defendant and all others are chargeable with notice of it. Under it plaintiff's right of recovery in this suit is confined to a tract of land north of and adjoining the tract of ground occupied by the Hannibal & St. Joseph Railroad Company as shown by the plat of the town of Hamilton at the time the deed was recorded. *Shelton v. Maupin*, 16 Mo. 124; *Nelson v. Brodhack*, 44 Mo. 596; *Dolde v. Vodicka*, 49 Mo. 98. The subsequent change of plaintiff's road 280 feet south of its original location, could not impair its right to the land as described in the deed.

We are unable to perceive the force of the objection to plaintiff's first instruction, especially in face of the admission which the record shows the defendant to have made, namely, "that at the time of the commencement of the suit he was in the possession of the undivided half of lot one in block twelve, in said town, and had never set up any claim to any portion of the land described in the petition except lot one." This is a plain concession that lot one was described in the petition. Besides this, Smith, who was a civil engineer, supplemented this admission in his evidence in the statement that he had made a survey of the premises in question, and that a strip of land 100 feet wide extending along and north of said railroad, where the same passes said lot, would include the strip of land mentioned in the verdict of the jury. This evidence, in connection with that of Davis showing the original loca-

tion of the road, as shown by the plat on file at the time the deed was made, justified the court in giving the instruction and the jury in finding the verdict returned by them.

The second instruction asked by defendant was properly refused on the ground that there was no evidence on 6. PRINCIPAL AND which to base it. The evidence does not AGENT: railroad. show that Davis, who filed the second plat of said town, was in that respect acting, or authorized to act, for plaintiff. It does show that the plat was made by the engineer of plaintiff, but whether at the request of Davis, as trustee of the town company, or as the agent of plaintiff, is not shown. Nor is there any evidence that any agent of plaintiff, charged with looking after its landed interests, either had knowledge of defendant's purchase or improvements.

We deem it unnecessary to express an opinion in regard to the rights which defendant may have for any improvements under the occupying claimant law. Judgment affirmed with the concurrence of the other judges.

AFFIRMED.