GOFF v. ROBERTS, *Appellant.*

1. **Ejectment**: DEED OF TRUST: ESCROW. Where plaintiff in ejectment claims through a sale under a deed of trust, to which he was himself a party, the defendant may show that the instrument was never delivered, but was placed in escrow to be delivered upon the fulfillment of a condition, and that plaintiff obtained possession of it without fulfilling the condition.

2. **Married Woman's Deed**: ACKNOWLEDGMENT: FRAUD. A deed of husband and wife to the wife's real estate, not acknowledged by her as required by law, is ineffectual to convey his interest. So, if her signature be obtained by fraud, the deed will be ineffectual against him, at least as between him and a party affected with notice of the fraud. See *Bartlett v. O'Donoghue, ante,* p. 563.

3. **Parol Evidence to Explain Latent Ambiguity.** Where a deed of trust provides for a sale " at the court house door at the city of J.," if it appears that at the time of the execution of the deed there were two houses in the city of J. called court houses, parol evidence is admissible to show which was intended.

4. **Pleading**: GENERAL ISSUE IN EJECTMENT : ESCROW : DEED OF TRUST. Under the general issue in ejectment, the defendant may show that a deed of trust under which plaintiff claims was delivered as an escrow and not absolutely, and that the sale thereunder was made at the wrong place. Neither of these is an equitable defense, requiring to be specially pleaded.

*Appeal from Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

REVERSED.

*Chas. A. Winslow* for appellant.

*Belch & Silver* for respondents.

HENRY, J.—This is an action of ejectment for lot 41 in the town of Murphysburg, Jasper county, Missouri. The petition is in the ordinary form, and the answer was a general denial of all the allegations in the petition, and, in addition, several special defenses, among them, that plaintiff's claim is by purchase under a deed of trust executed by the defendant and his wife, Anna Roberts; that the title was vested in said Anna at the date of the deed, and that she did not execute it as the law directs; that the note was obtained through fraud. There was a reply, consisting of a general denial of the new matter alleged in the answer. Plaintiff obtained a judgment, from which defendant has appealed.

Plaintiff purchased under the deed of trust, at a sale by the trustee, and, on his part introduced in evidence the deed of trust, dated November 19th, 1874, the trustee's deed to him, dated July 31st, 1876, the monthly value of rents and profits, and rested. Defendant offered to prove that the said deed of trust and the note thereby secured, were executed in lieu of a note and deed of trust for the same debt, dated May 28th, 1873, and that the latter were to be delivered up and canceled, and the deed in question to be held by one Spencer, and not to be delivered to the beneficiaries, or the trustee, until the first note and deed

were delivered up and canceled. He also offered·to prove by said Anna Roberts, that she could not read English, that the deed of trust was not read or explained to her, and that her signature was procured by the fraudulent representations of Ira N. Malin, one of the beneficiaries in the deed. A deed from Wm. P. Davis and others, to said Anna, made before her intermarriage·with defendant, for the land in controversy, without any words creating a separate estate, was excluded.

The court erred in excluding the evidence offered to prove that the deed was delivered as an escrow, to be delivered to the trustee on the surrender and cancellation of the first note and mortgage. The deed had no effect until delivered to the trustee or beneficiary, and evidence tending to show that there had been no delivery, was admissible. "Where a deed is delivered as an escrow, it is of no force till the condition is performed; and although the party to whom it is made, should get it into his possession before the condition is performed, yet he can derive no benefit from it." Greenleaf's Cruise, p. 30.

<span>1. EJECTMENT: deed of trust: escrow.</span>

Mrs. Roberts was not a competent witness. She was neither a party to the suit, nor, in any sense, the agent of her husband in the transaction. There was, therefore, no competent evidence offered to prove that she did not execute the deed of trust in conformity to the statute, but other testimony than that of Mrs. Roberts was offered to show that the beneficiaries in the said deed procured her signature by fraud and misrepresentation, and the court committed an error in excluding such evidence, and also in excluding the deed from Davis to her. If she did not acknowledge the deed as required by law, or, if her signature to it was procured by fraud, it did not pass her title; and under section 14, Wagner's Statutes, 935, it was, therefore, ineffectual to convey her husband's interest. *Clark v. National Bank*, 47 Mo. 17 ; *Wannall v. Kem*, 51 Mo. 150. The plaintiff, the purchaser under the deed of trust, was one of the benefi-

<span>2. MARRIED WOMAN'S DEED: acknowledgment: fraud.</span>

ciaries in the deed, and was, therefore, affected with notice of the fraud, if any, perpetrated in procuring it. If a stranger, ignorant of the fraud, had been the purchaser, a different question would have been presented, as to the effect of the proof of such fraud, which it is unnecessary to decide.

By the terms of the deed of trust, if the grantor made default in payment of the note, the trustee was authorized **3. PAROL EVIDENCE TO EXPLAIN LATENT AMBIGUITY.** to sell the property "at the court house door in the city of Joplin, Jasper county, Missouri." The evidence shows that three terms of the common pleas court were held at Ferguson's hall every year from June, 1874, until after the sale of this property, which took place at the door of the police court, which was held in a building one-fourth of a mile from Ferguson's hall. There were two houses called court houses in the city of Joplin, at the date of the deed of trust. Here, then, was a latent ambiguity, which parol evidence was admissible to explain, but the court rejected it. If Ferguson's hall was the court house meant by the parties to the deed when executed, a sale made elsewhere was invalid. *Hambright v. Brockman*, 59 Mo. 52 ; *Napton v. Hurt*, 70 Mo. 497.

Nor were any of the defenses, which any of the rejected evidence was offered to establish, equitable defenses. **4. PLEADING: general issue in ejectment: escrow: deed of trust.** That the deed was delivered as an escrow, and not absolutely; that the sale occurred at a place other than that designated in the deed, are clearly defenses at law ; and fraud, whether a legal or an equitable defense, was specially pleaded. Under the general denial in the answer, the two former defenses could be relied upon, notwithstanding the special defenses pleaded.

The court took the entire case from the jury by directing a verdict for plaintiff. We shall not notice the instructions asked in behalf of defendant and refused, having clearly indicated in the foregoing opinion to what declara-

tions of law we think defendant was entitled. The judgment is reversed and the cause remanded. All concur.