## SHACKELFORD *et al.* v. ORRIS *et al.*

A deed described the land conveyed as follows: "A tract or parcel of land situate, lying, and being in the County of Richmond and State of Georgia, containing fifteen acres, more or less, on the Louisville public road, about seven miles from Augusta; and being a portion of a tract of land bought by the party of the first part from Butler and Mims, and from Mrs. Francis Shopp, in 1878, deeds to said property being duly recorded in the clerk's office. The 15 acres hereby conveyed are bounded as follows: north by lands of T. B. Crouch and Wm. Stucker; south by lands of the party of the first part; east by the Louisville public road; and west by the Louisville plank road (old Southwestern road)." *Held,* that such description afforded sufficient means of ascertaining and identifying, by competent extrinsic evidence, the land intended to be conveyed, and was, therefore, not void for uncertainty.

Argued November 30,—Decided December 21, 1907.

Ejectment. Before Judge Hammond. Richmond superior court. April 22, 1907.

*Salem Dutcher,* for plaintiffs.

*Hamilton Phinizy* and *F. W. Capers,* for defendants.

FISH, C. J. Sterling E. Shackelford and others brought an action against Anna A. Orris to recover a described parcel of land. Upon the trial the plaintiffs offered in evidence, as a necessary link in the chain of title upon which they relied, a deed from Ann E. Wilkinson to Wm. E. Shackelford, trustee, dated May 24, 1893, and recorded January 17, 1894, in which the property sought to be conveyed was described as follows: "A tract or parcel of land situate, lying, and being the County of Richmond and State of Georgia, containing fifteen (15) acres, more or less, on the Louisville public road, about seven miles from Augusta and being a portion of a tract of land bought by the party of the first part from Butler and Mims, and from Mrs. Francis Shopp, in 1878, deeds to said property being duly recorded in the clerk's office. The 15 acres hereby conveyed are bounded as follows: north by lands of T. B. Crouch and Wm. Stucker; south by lands of the party of the first part; east by the Louisville public road; and west by the Louisville plank road (old Southwestern road)." The defendants objected to the deed going in evidence, on the ground that it was "void, because the description in it is too uncertain to be supplemented by parol evidence." Before ruling on the admissibility of the instrument, the court permitted the plaintiffs to introduce certain oral and documentary evidence tending, as claimed, to support the admissibility of the deed. Such documentary evidence, in our opinion, threw no light on the question. The substance of the testimony of James M. Rozier, so far as material, was as follows: He and William Hill own the land formerly owned by Crouch and Stucker. The line between the land of witness and the Wilkinson land is straight. Witness does not know whether the land between the land owned by Hill and the Wilkinson land is straight or not. The Louisville road and the Southwestern plank road are not parallel, they have crooks in them. D. V. Reeves testified: He is the county surveyor of Richmond county. He surveyed and platted a fifteen-acre tract of land, the same being a portion of the Wilkinson place, and described in the deed under consideration. "The north line of that tract is marked straight on the plat; it is straight on the ground; there may have been a time, perhaps, when there was a bend in it; but now, by agreement of all parties, the line has been made perfectly straight from the Louisville road across to the Southwestern plank road;

it is not the north line, but it is the northeast line; I suppose it is what is called the north line of the property; we know it now as the Rozier line; it is a straight line. This survey was begun at the intersection of Rozier's line, the northern line of this property and this Louisville plank road, a distance of 267 feet and 6 inches. . . I ran another line to cut off 15 acres as I understood this deed to direct, running exactly parallel to Rozier's line, to the northern line. Both those lines were not the same length when I got them run; the line denominated the Rozier line is a little bit longer than the outside line, but this distance was put down on both lines as being the same to convey the idea I was laying off a parallelogram; the average length of this parallelogram is 2,435 feet, with a width 267 feet, 6 inches, makes fifteen acres. The deed did not describe that line at all, but described fifteen acres, and gave me a base line, and the Rozier line was the base line. Those two roads are straight, absolutely straight, for that little distance, 267 feet; I don't know what they are beyond that; they are not exactly parallel. The Louisville road makes a right angle with the north line; the other road is not exactly at right angles. To make up that deficiency I put six inches to the width of the whole thing, and the average length is 2,435 feet by 267 feet, 6 inches; and that south line is a perfect parallel to the Rozier line; the north line is a straight line, perfectly straight." After hearing this evidence, the court rejected the deed, on the ground that it did not set forth with sufficient certainty the land sought to be conveyed therein, and granted a nonsuit; to which ruling plaintiffs excepted.

The question whether the deed excluded from evidence was void, for uncertainty in the description of the land sought to be thereby conveyed, may be readily solved, in our opinion, by the application of a few well-settled rules of construction of descriptions of realty sought to be conveyed. A deed will not be held to be void for uncertainty, if, by any reasonable construction, it can be upheld. 3 Wash. Real Prop. §2320; *Payton* v. *McPhaul*, 128 *Ga.* 510 (58 S. E. 50). In other words, that construction which renders the instrument valid and operative shall be adopted, rather than one which renders it void. Martindale on Conveyancing, §100. If the description of the premises given in a deed affords sufficient means of ascertaining and identifying the land

intended to be conveyed, this is sufficient to sustain the conveyance, notwithstanding there may be errors or inconsistency in some particulars. Ib. §87; 2 Devl. Deeds, §§1012, 1016; *Johnson* v. *McKay*, 119 *Ga.* 196 (45 S. E. 992, 100 Am. St. R. 166); *Payton* v. *McPhaul*, supra. Where in a deed there are two descriptions of the premises conveyed, and there is a clear repugnance between them, the court will look into the surrounding facts and give effect to the description which is most definite and certain, and which will carry out the evident intention of the parties. Martindale on Conveyancing, §97; Wade v. *Deray*, 50 Cal. 376; Raymond v. Caffey, 5 Oreg. 132; Driscoll v. Green, 59 N. H. 101. Under the doctrine *falsa demonstratio non nocet,* a false description may be rejected, provided that after so doing there is left a sufficient description to indentify the property intended to be conveyed. *Oliver* v. *Henderson,* 121 *Ga.* 836 (49 S. E. 743); 4 Am. & Eng. Enc. L. 797. What is most material and most certain in a description shall prevail over that which is less material and less certain. *Harris* v. *Hull,* 70 *Ga.* 171. "Where a deed contains two descriptions of the land conveyed, one general, the other particular, if there is any repugnance, the latter will prevail." Hannibal & St. Joseph R. Co. v. Green, 68 Mo. 169; 2 Devl. Deeds, §1039, and a number of cases cited. To these rules may be added another, that where all other means of ascertaining the true construction of a deed fail, and a doubt still remains, that construction must prevail which is most favorable to the grantee. *Harris* v. *Hull,* supra; Tyler on Boundaries, 123. In the deed under consideration the general description, viz., "A tract or parcel of land situate, lying, and being in the County of Richmond and State of Georgia, containing fifteen acres, more or less, on the Louisville public road, about seven miles from Augusta; and being a portion of a tract of land bought by the party of the first part from Butler and Mims, and from Mrs. Francis Shopp, in 1878, deeds to said property being duly recorded in the clerk's office," is immediately followed by the particular and more definite description, to wit: "The 15 acres hereby conveyed are bounded as follows: north by lands of T. B. Crouch and Wm. Stucker; south by lands of the party of the first part; east by the Louisville public road; and west by the Louisville plank road (old Southwestern road)." The general description, coupling the number of acres

with the phrase "more or less," must be taken as excluding an intention to convey an exact quantity, and therefore it is evidently inconsistent with and repugnant to the subsequent particular description specifying a definite number of acres intended to be conveyed. This being true, under the rule followed in Hannibal & St. Joseph R. Co. v. Green, supra, and a number of adjudicated cases cited in 2 Devlin on Deeds, § 1039, the particular and definite description must prevail. This construction is also in complete harmony with the other rules referred to above. This construction being adopted, the definite number of fifteen acres of land is described as being bounded north by lands of Crouch and Stucker, south by lands of the grantor, east by the Louisville public road and west by the Louisville plank road. This description is sufficient even if the whole of the general description were rejected, as the deed is headed, "Georgia, Richmond County," and prima facie refers to land located in that county (Horton v. Murden, 117 Ga. 72), (43 S. E. 786); and under the ruling in Walden v. Walden, 128 Ga. 126 (57 S. E. 323), as a definite number of acres was conveyed, the fact that the tract was bounded on one side by the land of the grantor does not render the deed void for uncertainty. It was held in the case last cited: "Where a mortgage described the land conveyed by it thus: 'One tract or parcel of land lying in Jefferson county, Georgia, in the 79th district, G. M., containing one hundred acres, and bounded as follows: on north by my own land; east by land of K. P. Walden; on south by W. L. Philips; on west by Sarah and Emily Walden,' such description was not void for uncertainty. Parol evidence to identify such description with the land to which it applied was admissible." In the opinion in that case it was distinguished from Huntress v. Portwood, 116 Ga. 351 (42 S. E. 513), in that, in the Walden case, a definite number of acres and the boundaries on three sides were given, and it was held that the fourth line could be readily located; while in the Huntress case the quantity of land was not definitely fixed, but was described as "more or less," and therefore the line between the land sought to be conveyed and that retained by the grantor was necessarily too indefinite. Under the particular description of the land conveyed in the deed in the case at bar, we think the land can be readily located by extrinsic evidence, and it seems that it was so located by the surveyor who testified in the case. See

*Atlanta & West Point R. Co.* v. *Atlanta, Birmingham & Atlantic R. Co., 125 Ga.* 540 (54 S. E. 736). Our conclusion, therefore, is, that the court erred in ruling out the deed and directing a nonsuit.

*Judgment reversed. All the Justices concur.*