JAMES C. SUTTON, Defendant in Error, *v.* BENJAMIN MASON,
Plaintiff in Error.

*Ejectment — Mortgage —* A mortgagee may maintain an action of ejectment
against the mortgagor. An answer to a partition in ejectment by grantee
against grantor in a deed absolute upon its face, claiming only that the deed
was intended as a mortgage, not asking to reform the deed or to redeem the
land, shows no defence in equity.

*Error to St. Louis Land Court.*

*G. P. Strong*, for plaintiff in error.

I. A deed absolute on its face, but given as a security for
money, is a mortgage—1 Lom. Real Prop. 315 ; 1 Pow. Mort.
116 ; 7 J. Ch. 41 ; Clark v. Henry, 2 Cow. 332 ; 22 Mo. 77 ;
2 Sum. 531 ; 16 Mo. 129, 143 ; 21 Mo. 329 ; 1 How. 118 &
126. Parol evidence admissible—1 Pow. Mort. 120, n. 2 ;
14 Wend. 66.

II. Ejectment may be maintained on sheriff's deed of
mortgagor's interest against mortgagor. The mortgagor is
the legal owner of the land—2 B. Mon. 63 ; 28 Mo. 142 &
145 ; 33 Mo. 71.

III. If the defendant be what he pretends to be—that is,
a mortgagor—he would have no interest in the premises but
by the mere indulgence of the mortgagee—2 Fonb. Eq. 258 ;
3 East, 449 ; Keach v. Hall, 1 Doug. 21 ; 2 Black. 159.

IV. 4 Kent Com. 156 : "A mortgagor is no better than a
tenant at sufferance, and is not entitled to notice to quit be-
fore an ejectment can be maintained against him."—Keach
v. Hall, 1 Doug. 21 ; Moss v. Gilmore, 1 Doug. 279 ; Birch
v. Wright, 1 Tenn. 383 ; Thunder v. Belcher, 3 East, 449 ;
Christopher v. Sparke, 2 Jac. & W. 234 ; 5 Bing. 421 ; Rock-
well v. Bradley, 2 Conn. 1 ; Wakeman v. Banks, 2 Conn.
445 ; Groton v. Boxborough, 6 Mass. 50 ; 9 Serg. & Rawle,
311 ; Williams v. Bennett, 4 Ired. 127 ; Jackson v. Laugh-
head, 2 Johns. 75 ; Jackson v. Fuller, 4 Johns. 215 ; Jackson
v. Hopkins, 18 Johns. 487.

*Lackland, Cline & Jamieson,* for defendant in error.

WAGNER, Judge, delivered the opinion of the court.

Upon the trial of this cause in the court below, much testimony was permitted to be introduced which was not pertinent to the issue made by the pleadings.

The action was ejectment; the respondent claiming title by virtue of an absolute deed in fee simple made to him by the appellant several years ago. The appellant denied that respondent was entitled to the possession of the premises, and set up that although the deed of conveyance was absolute on its face, yet it was intended by the parties as a mortgage. The issue was submitted to a jury, who found for the respondent, and judgment was given accordingly.

It is contended by the counsel for the appellant, that a deed purporting to be absolute on its face will be construed as a mortgage, where it was given as a security for money, or intended to operate as such between the parties, though not so expressed. Admitting this to be true, it is not perceived how the principle he invokes will help him, or defeat the right to possession of respondent, in this suit. A mortgagee may maintain an action of ejectment against the mortgagor—Walcop v. McKinney, 10 Mo. 229.

The answer contained no equity; it did not ask to reform the deed, nor pray for the right to redeem. If relief is desired, such facts must be stated as will warrant a court of equity in interposing to grant it.

Judgment affirmed. Judge Holmes concurs; Judge Lovelace absent.