As a whole, the trial was fair to appellant, although his counsel sought to call Anderson a Bolshevist.

With no good exception and nowhere any substantial error, I cannot vote to reverse, much as I share in the natural reluctance to condemn one of the city police.

Jaycox, J., concurs.

Judgment of conviction reversed upon reargument, and new trial granted.

---

James McKay, Respondent, *v.* Ida A. Nichols, Appellant.

Second Department, June 10, 1921.

Ejectment — verdict not specifying estate in property recovered informal but not defective — Code of Civil Procedure, § 1519, construed — when judgment not describing property is not defective — costs — plaintiff entitled to costs though partly unsuccessful — defendant not entitled to costs on separate issue — equity rule as to costs not applicable.

In an action of ejectment in which each side claimed an estate in fee, the defendant also relying on the defense of adverse possession, the verdict of the jury that " The defendant is entitled to the land upon which the house stands and the plaintiff is entitled to the land back of the house along the fence " is informal but not fatally defective.

While the jury might have been sent back and so have made a more definite finding, especially as to the rear part by the fence, in conformity with the requirement of section 1519 of the Code of Civil Procedure that the verdict shall " specify the estate of the plaintiff in the property recovered," this was not indispensable.

The judgment, therefore, that defendant is " entitled to  *  *  *  that portion of the land in controversy upon which the dwelling house of the defendant stands," which was entered upon the aforesaid verdict, is not defective.

Though the plaintiff was in part unsuccessful, he is entitled to full costs.

The defendant is not entitled to costs on a separate issue relating to the boundary line, since she did not maintain her claim to a full boundary.

While the complaint concluded with a prayer for equitable relief, the rules in equity as to costs are not applicable, since the case was tried as an ejectment action.

Appeal by the defendant, Ida A. Nichols, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 24th day of November, 1919, on the verdict of a jury; also from parts of said judgment, as resettled, entered in said clerk's office on the 24th day of February, 1920; also from an order entered in said clerk's office on the 19th day of November, 1919, vacating a judgment entered in said clerk's office on the 21st day of October, 1919, and also from an order entered in said clerk's office on the 25th day of October, 1919, denying defendant's motion for a new trial made upon the minutes.

The litigation is over a disputed boundary line between two residence properties on South Broadway in Tarrytown. Beside asking a declaration of title and possession up to a line that passed through about four inches of defendant's house and even more of the yard in the rear, the complaint asked injunctive relief for the removal of encroachments.

*Briggs & Griffin* [*Joseph B. Thompson* of counsel], for the appellant.

*David Ashworth* [*Humphrey J. Lynch* of counsel], for the respondent.

Putnam, J.:

The verdict as originally entered was: " The defendant is entitled to the land upon which the house stands and the plaintiff is entitled to the land back of the house along the fence." After denial of a motion for a new trial, the original

judgment was entered. But this was later resettled so as to adjudge to the defendant the land beneath her house, and to plaintiff the gore in the rear by the back fence, these last being described by surveyed lines and as containing twenty-eight and seven-tenths square feet. Plaintiff also taxed full costs.

The first question arises on the regularity of this verdict and the judgment as thereon entered, in view of section 1519 of the Code of Civil Procedure, that the verdict " specify the estate of the plaintiff in the property recovered." . While the jury might have been sent back and so have made a more definite finding, especially as to the rear part by the fence, this was not indispensable.*   Here was no question of the respective estates or interests. Each side claimed an estate in fee, the defendant also relying on the defense of adverse possession. The later addition to the Nichols house built in 1892 was set on original foundations which had stood unchanged in site for many years before 1892. Therefore, judgment could properly be entered upon this informal, but plain verdict, which in popular speech settled these differences and validated defendant's building line. As finally resettled, the judgment declared defendant " entitled to   *   *   *   that portion of the land in controversy on which the dwelling house of the defendant stands," which is better than to bound this irregular four-inch strip by surveyor's courses. It was certain, and sufficient for all practical purposes. (19 C. J. " Ejectment," § 287.) The judgment as entered was not defective.

Although plaintiff was in part unsuccessful, the recovery rightly carried costs. (Code Civ. Proc. § 3228.) While a defendant in ejectment may be awarded costs on a separate issue (Code Civ. Proc. § 3234), this is not such a case, since defendant did not maintain her claim to a full boundary across, so as to be entitled to costs on this issue. (19 C. J. 1231, § 347.)

While the complaint concluded with a prayer for equitable relief, the cause was not so treated, but was tried as an eject-

---

* Rule 241 of the new Rules of Civil Practice has inserted the words specify " in writing " the estate of the plaintiff in the property recovered, etc., but is a new requirement.— [NOTE BY THE COURT.

ment action; hence, defendant cannot urge the rules in equity as to costs.

I advise, therefore, that the judgment and orders appealed from be affirmed, with costs.

Present — BLACKMAR, P. J., MILLS, RICH, PUTNAM and JAYCOX, JJ.

Judgment and orders unanimously affirmed, with costs.