ARTHUR M. NEWBORN, Plaintiff, *v.* F. RONALD PEART, Defendant.

Supreme Court, Monroe County, July, 1923.

**Verdict — ejectment — pleading — equitable defenses — when the word " owner " means an owner in fee — Rules of Civil Practice, rule 241.**

In order that an equitable estate may be a defense to an action in ejectment it must first ripen into a legal title.

Plaintiff derived title from defendant by a warranty deed. At the time of the conveyance defendant occupied the premises and is still in possession. Plaintiff sued in ejectment. Defendant set up a defense that the deed was given as security for an indebtedness and for future advances, and that defendant was to have possession and management of said premises and that he is the owner and in possession of the premises with the consent of the plaintiff. The jury returned a verdict that the plaintiff is " the owner of the premises in question." The defendant moves to set aside the verdict on the ground that the deed was intended to be a mortgage; that the plaintiff was a party to a fraudulent transfer and that the court erred in refusing to charge " if the plaintiff was a party to a fraudulent scheme and received the deed for the purpose of defrauding the defendant's creditors then he cannot have a verdict " and that the verdict was not in the form required by rule 241 of the Rules of Civil Practice. *Held,* that as the answer did not ask to reform the deed or to redeem the land the defendant did not properly set up an equitable defense; that the defense of fraudulent intent to defraud creditors is only available to the creditors; that the word

" owner " when applied to real estate without any qualifying words means *prima facie* an owner in fee; that the verdict is clear and should stand, and defendant's motion is denied.

MOTION to set aside a verdict and for a new trial under section 549 of the Civil Practice Act.

*George Y. Webster*, for plaintiff.

*John G. Carpenter*, for defendant.

THOMPSON, J. Plaintiff has a verdict against defendant in ejectment. His title is derived from a deed (plain warranty) from defendant, who occupied the premises when the deed was given and has ever since. The answer sets up a general denial, and as a separate defense alleges that on June 27, 1919, plaintiff held a $3,000 mortgage on the premises in question and $2,000 in notes made by defendant's father, and that defendant executed and delivered the deed in question for the purpose of better securing the payment of this indebtedness, and any future advance to be made by plaintiff to defendant; that in case of a sale of said premises, after paying such indebtedness, advances and interest, the plaintiff promised and agreed to pay the balance of such sale price to defendant, and to account to defendant for the moneys derived from such sale; that defendant was to have possession and management of said premises and has ever since been and now is the owner of and in possession thereof with the consent of the plaintiff; that the premises have not been sold; that defendant's indebtedness to plaintiff does not exceed $6,000, and that the premises are worth upwards of $10,000. Wherefore, defendant asks the complaint be dismissed, with costs. It will be observed that the answer does not ask that the deed be reformed, nor does it contain an offer to do equity, or to account for or to restore benefits received.

The defendant asks that the verdict be set aside on the ground that the deed was intended to be a mortgage, and that the jury's finding to the contrary is against the weight of the evidence; that the plaintiff was a party to a fraudulent transfer and is not entitled to relief in this action; that the court erred in refusing to charge at defendant's request, " If the plaintiff was a party to a fraudulent scheme and received the deed for the purpose of defrauding the defendant's creditors, then he cannot have a verdict," and, further, that the verdict of the jury was not in the form required by rule 241.

Without doubt an equitable defense or counterclaim may be alleged as a defense in ejectment. Civ. Pr. Act, § 262; *Bartlett* v. *Judd*, 21 N. Y. 200; Gerard Titles (5th ed.), 906.

But such defense must be properly pleaded; and if affirmative

relief is sought, as a counterclaim, and not simply as a defense. No defense in equity is shown by an answer to a petition in ejectment which only sets forth that the deed was intended as a mortgage and which does not ask to reform the deed or to redeem the land. Baylies Code Pl. 382; Gerard Titles (5th ed.), 906; *Sutton* v. *Mason*, 38 Mo. 120; 19 C. J. 1082, 1083, 1193; 15 Cyc. 70.

And one who seeks the intervention of a court of equity must offer to do equity before he is entitled to equitable relief, whether he is plaintiff or defendant. *Hoppough* v. *Struble*, 60 N. Y. 430.

Measured by these tests the answer does not properly set forth the equitable defense invoked by the defendant, *i. e.*, that the deed was intended and should be given effect as a mortgage.

The theory of the pleader seems to have been that the mere recital of facts showing a basis for an equitable claim would be sufficient to defeat the action. This is incorrect. His facts must not only be properly recited, but he must bring himself into a court of equity by appropriate and adequate recital, offer and prayer, so that his defense shall show a complete cause of acion against the plaintiff, and in his favor. 19 C. J. 1083.

And if he succeeds with such defense, he must not only establish his right to the legal title to the lands, but he must ask and obtain an adjudication thereof.

The action must be for corporeal, not incorporeal hereditament, and he who succeeds must show the legal title in himself, and when ascertained, whether in plaintiff or defendant, it draws to itself the judgment of the court. 9 R. C. L. 831, 841; *McGinnis* v. *Caldwell*, 43 L. R. A. (N. S.) 630; *Kelsey* v. *McTigue*, 171 App. Div. 877.

For courts of law deal only with legal titles. And that an equitable estate may be a defense to an action in ejectment it must first ripen into a legal title. Then, if it be superior to the title to which it is opposed, it takes the land.

In an action of ejectment, plaintiff " measures his title with that of defendant, and, if it is better in respect of his right of possession, he prevails because of its sufficient strength." *McRoberts* v. *Bergman*, 132 N. Y. 73.

Always remembering that courts of law send the land with the legal title, not with the equitable claim. So the equitable claim must become the legal title before it be cognizable by courts of law. 19 C. J. 1083.

The answer contains no allegation with respect to the conveyance being made to defraud creditors. In fact, it is doubtful if defendant would be heard to assert such a claim, equitable estoppel preventing. The plaintiff may urge equitable estoppel against a defendant

asserting claim of equal right. 9 R. C. L. 847, 877; 2 Pom. Eq. Juris. (3d ed.) § 816.

And the defense of fraudulent intent to defraud creditors is only available to the creditors. 27 C. J. 712.

Thus it plainly appears that defendant was not entitled to the instruction, the declination of which he now asserts to have been error.

Nor does it appear that these two parties were in *pari delicto*. A court of equity may, in furtherance of justice and of a sound public policy, aid the one who is comparatively the more innocent, and may grant him full affirmative relief against the other, if it appears that he has not with the same knowledge, willingness and wrongful intent, engaged in a blameworthy transaction. 2 Pom. Eq. Juris. (3d ed.) § 942.

It is conceded that this transaction was initiated by defendant; that it was not asked or urged by plaintiff, and that defendant was largely indebted to plaintiff at the time of it. 1 Pom. Eq. Juris. (3d ed.) § 401.

So, also, the proofs fail to establish that any creditor was defrauded by this deed, there being nothing in the evidence from which it appears that defendant was insolvent at the time, or in fact owed any debts aside from the claims of plaintiff.

Fraud without injury is not available as an equitable defense. 21 C. J. 187.

Coming now to the question of the form of the verdict, defendant complains that the verdict is defective because question No. 1 does not sufficiently indicate the title through which the jury decided the plaintiff held these premises.

It seems that now the verdict of the jury in ejectment must be in writing, although formerly not required. Code Civ. Pro. § 1519; Rules of Civil Practice, rule 241.

But as before the rule requires that the verdict specify whether the estate of the plaintiff is in fee, or for life, or for a term of years. The jury have returned that the plaintiff is " the owner of the premises in question." Should they have added the words " in fee?" I think not. The word " owner " has a definite meaning and signifies one who has dominion over the thing which he may use as he pleases, except as restricted by law or by agreement. The precise meaning, perhaps, depends upon the nature of the subject-matter, and the connection in which it is used; but when applied to real estate without any qualifying words, in common, as well as in legal parlance, it *prima facie* means an owner in fee. Words & Phrases, 5142; *Woodward* v. *Republic Fire Ins. Co.,* 32 Hun, 365, 369.

There was no question of the respective estates or interests of the parties. Each side claimed an estate in fee. In such cases conformity with the rule is not indispensable. *McKay* v. *Nichols*, 197 App. Div. 246.

The verdict is clear; no misunderstanding can arise under it, so the rule will not be enforced here, the reason for it not being present.

After careful consideration of the whole case including various other questions suggested by counsel, and being ever mindful of its difficulties, I conclude the verdict should stand. It must be remembered that this is not a trial, submission or motion on the merits. Nor is it an application to excuse default, supply omission or remedy mistake. It is a review of the whole case as we find it; its pleadings, its law, the course of its trial and submission, and its verdict; each of which gains authority in many respects from the choice, acquiescence and waiver of the parties, binding alike on court and litigant. 19 C. J. 1189, 1190.

Motion denied, with costs.

Ordered accordingly.